[No. 6117.  Decided July 17, 1906.]

JAMES BALL, *Respondent,* v. JOHN MEGRATH *et al.,*
*Appellants.*[1]

APPEAL—REVIEW—VERDICTS.  Upon a conflict as to a material
point, the verdict of the jury, based upon competent evidence suffi-
cient to sustain the same, is binding upon the supreme court on ap-
peal.

MASTER AND SERVANT—NEGLIGENCE—EVIDENCE—DEFECTIVE PLAN OF
WORK—FALL OF DERRICK.  There is sufficient evidence of negligence
upon the part of the master, and the accident was not a mere detail
of the work, where it appears that a derrick was tipped over through
the negligence and in the presence of a foreman in attempting to
move the same while not properly anchored, and under such circum-
stances that the fall would be a natural result, there not being
merely a case of careless handling.

SAME—ASSUMPTION OF RISK.  A servant engaged in independent
work does not assume the risk from a fall of a derrick rendering a
safe working place suddenly unsafe without warning, by the setting
in motion of a dangerous method of operation by the master's fore-
man.

SAME—FELLOW SERVANTS.  The defense of negligence of a fellow
servant which caused the fall of a heavy derrick, does not apply
where the fall was not due to the negligent conduct of fellow work-
men, but to carrying out a method of work negligently adopted by
the master's foreman, since as to that duty the foreman is a vice-
principal.

Appeal from a judgment of the superior court for King
county, Hatch, J., entered November 18, 1905, upon the ver-
dict of a jury rendered in favor of the plaintiff for personal
injuries sustained by a workman on a building, through the
operation of a derrick.  Affirmed.

*John P. Hartman,* for appellants.

*Rossman & Johnson,* for respondent.

ROOT, J.—Respondent began this action to recover dam-
ages for personal injuries sustained while working for ap-

[1]Reported in 86 Pac. 382.

pellants, who were contractors engaged in the erection of a United States government building in the city of Seattle. From a judgment in his favor this appeal is taken.

The material facts involved are substantially as follows: Appellants were using two large derricks on the beams that were to support the second floor of said building, which derricks we will refer to as No. 1 and No. 4. No. 1 had recently been elevated to the second story, and had not been anchored or fastened down. From it a long, heavy boom was lying across the end of a similar boom attached to derrick No. 4. Appellants' foreman, in charge of the work, directed two of respondent's fellow servants to raise the boom of derrick No. 1 and swing the same off from that of No. 4. It was appellants' contention that the foreman directed these two workmen to swing the boom only a sufficient distance to clear the other boom. But respondent's witnesses testified that these men were instructed by the foreman to swing the boom entirely around to the wall opposite. There being a substantial conflict in the evidence upon this material question, and the testimony of respondent's witnesses being material, competent, and legally credible, and the jury having evidently adopted their version, we must accept the same for the purposes of the case. The derrick was placed upon the girders of the second story of the building, the floor not having been laid. The swinging of the heavy boom over the edge of the wall had the effect of tipping the derrick and causing it to fall. Respondent was working at or near the other derrick, and was not participating in, or paying attention to, what was being done relative to derrick No. 1, and did not know of any danger until said derrick began to fall and some one called to him to look out. He immediately endeavored to escape, but was struck by a tipping sill, thrown into the air, and fell to the floor below sustaining serious injuries.

Appellants urge three defenses: First, that no negligence was shown on the part of the appellants; second, that respondent assumed the risk; third, that the negligence, if any,

was that of a fellow servant. We will consider these defenses *seriatim*. The negligence of the appellants consisted in causing the boom of the derrick to be carried at such a time and in such a manner as naturally and necessarily under the circumstances caused the derrick to fall, thereby rendering dangerous the working place of respondent. It is the duty of the master to use ordinary care to keep the working place of the servant reasonably safe, regard being had to the character of the employment and to all the surrounding conditions and circumstances. It is urged by appellants that, if the action of the foreman in directing the boom to be carried around to the opposite side was the occasion of the accident, it was nevertheless a detail of the work being carried on, and that respondent would have no right to recover for the injury done. We do not think these transactions can be brought under the rule invoked by appellants. The accident was not caused by a mere oversight or negligent act appertaining to a mere detail; but it followed as a natural and necessary consequence of a defective plan and method of operation directed by the foreman, and being carried out in his immediate presence and under his personal direction and supervision. The plan or method of operation was a matter to be chosen and determined upon by the master or his representative; and when, as in this case, it was inherently defective and unnecessarily dangerous, the responsibility for any injury occasioned thereby must be laid at his door. In this case the negligence did not consist merely in the careless handling of the heavy boom, but, primarily, in swinging it around at a time when the derrick was not anchored or fastened down and when, under the existing conditions, said movement must naturally and necessarily result in the toppling over of the derrick. This established negligence on the part of appellants.

On the question of assumed risk, it may be said that the servant assumes those dangers which are open and apparent, or which he knows, or ought to know, to be naturally or necessarily incident to his employment. But he is not holden to

anticipate that a safe working place will be suddenly changed, without his knowledge, into an unsafe one by the master setting in motion a defective and dangerous method of operation without giving him warning.

As to the question of fellow servant, what we have heretofore said partially covers that question. The accident was not occasioned by the careless or negligent conduct of plaintiff's fellow workmen, but it was the natural and immediate result of carrying out the method of work negligently adopted by the master's foreman. This negligence being attributable to him as a vice principal in the exercise of a non-delegable duty of the master, the latter must be held accountable therefor.

Certain errors as to instructions are assigned, but we do not think that any prejudicial error in this respect is shown.

The judgment of the lower court is affirmed.

MOUNT, C. J., CROW, HADLEY, FULLERTON, RUDKIN, and DUNBAR, JJ., concur.