[No. 9242.    Department Two.    February 20, 1911.]

FRANK S. ETHERIDGE, *Respondent*, v. GORDON CONSTRUCTION COMPANY *et al.*, *Appellants*.[1]

MASTER. AND SERVANT—CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISKS—QUESTION FOR JURY. Whether a workman, engaged in taking down a building, was guilty of contributory negligence or assumed the risks in removing a purlin supporting the trusses, is for the jury, where there was evidence that he did so upon the order of the general foreman who was following the general plan adopted by the master, although he had been warned the day before by another workman or foreman that it was extremely dangerous to remove the purlin.

MASTER AND SERVANT—SAFE PLACE. In the taking down of an exhibition building with a view of preserving its parts to be again erected for use, the master owes the duty of furnishing a "safe place" in which to work.

SAME—FELLOW SERVANTS. A general foreman in the work of taking down a building who ordered the removal of a purlin is not a fellow servant of a workman carrying out the order.

SAME—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS. Upon an issue as to contributory negligence of a workman engaged in taking down a building, after warning by a fellow workman of the dangerous nature of plaintiff's act, an instruction that there could be no recovery if he was warned by a fellow servant having greater experience than the plaintiff, is as favorable as defendants can ask.

WITNESSES—CREDIBILITY. In an action for personal injuries, it is not error to allow witnesses who were hurt in the same accident to state whether they had been paid money in settlement of their claims, where the jury were instructed that it was relevant only as touching their interest in the case and the weight to be given their testimony.

Appeal from a judgment of the superior court for King county, Gay, J., entered July 1, 1910, upon the verdict of a

[1]Reported in 113 Pac. 639.

jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee engaged in tearing down a building. Affirmed.

*Kerr & McCord*, for appellants.

*Frank E. Green*, for respondent.

Morris, J.—Appeal from a judgment awarding respondent damages for personal injuries sustained while in the employ of appellants. On November 16, 1909, appellants were engaged in taking down the Monitor & Merrimac building, upon the grounds of the A.-Y.-P. Exposition at Seattle. The building was not being wrecked or demolished, but was being taken apart for the purpose of shipping its constructive parts to Denver, to be there again assembled and erected. On the morning of the injury, respondent was directed by one Perry, the general foreman, to assist a fellow workman named Evarts in removing one of the purlins which supported and braced the trusses. The purlin was taken down and dropped to the ground, and Perry then directed respondent to climb out on one of the trusses and remove a drift bolt, and while he was preparing to do so, and in a few minutes after removing the purlin, the columns supporting the truss swayed and the building collapsed and fell to the ground, carrying respondent with it, and inflicting the injuries complained of.

Appellants contend that the removal of the purlin was the direct cause of the collapse of the structure, while it is the contention of respondent that the structure fell because of insufficient bracing. So far as our review of the case is concerned, it is immaterial which theory be the true one, since there was evidence sufficient to support the verdict upon either theory. It appears that the previous afternoon respondent and Evarts were attempting to loosen one of the purlins, when they were told by a workman named Crowe that it was extremely dangerous to do so, and that they were in effect committing suicide, whereupon they desisted. There is much dispute in

the evidence as to Crowe's place on the job, appellants calling him a foreman, while respondent's contention is that he was only a fellow workman. However that may be, the evidence justifies the finding that Evarts and respondent were directed on the morning of the injury to take down this purlin, and that they removed it under orders from Perry, the general foreman, who, in ordering them to do so, was following out the general plan adopted by appellants in the doing of the work. Perry denies that he gave orders to remove this purlin, but we cannot say from the testimony that the jury were not justified in finding, as contended by respondent, that he did; and if they did so believe, then it was for the jury to say, admitting the warning given by Crowe the previous day, whether in acting in obedience to such orders by Perry, Evarts and respondent were doing an act so hazardous and dangerous as to preclude a recovery. *Witham v. Tenino Stone Quarries*, 48 Wash. 127, 92 Pac. 900. This disposes of the defense of contributory negligence and assumption of risk as questions of law, and of the error asserted by appellants in failing to grant judgment notwithstanding verdict.

The remaining assignments go to instructions given, and the refusal of the court to give others offered by appellants. The first line of instructions objected to are those in which the court referred to the rule of "a reasonably safe place," as applied to the work in question. In this connection it must be borne in mind that appellants were not wrecking the structure, but were taking it down with some degree of care, with the view of preserving its timbers and parts from unnecessary injury, in order that it might again be erected with the use of the same parts. This being the case, the doctrine of "reasonably safe place" we think applied to the situation, and was correctly announced by the court as the law of the case; especially in view of the language of this court in *Liedke v. Moran Bros. Co.*, 43 Wash. 428, 86 Pac. 646, 117 Am. St. 1058, wherein it was said:

"If it is a master's duty to furnish the servant a safe place

in which to work, it is just as much his duty to furnish that safe place where the work to be performed is the demolition or tearing down of a building, as where it is its construction in the first instance."

This also disposes of the error based upon the court's refusal to give those instructions in which it was asserted that the doctrine of "a reasonably safe place" had no application to this case.

Another instruction refused was to the effect that Evarts and Perry were fellow servants of respondent, and there could be no recovery for their negligence. Under the evidence the court would not have been justified in holding, as a matter of law, that Perry was a fellow servant. As to Evarts, the jury were told that there could be no recovery if the injury was caused by the fault of a fellow servant. Other instructions refused were as to the loosening of the purlin, in view of the warning given by Crowe. Upon this phase of the case, the jury were told that, if respondent had been informed by one known to him to have had greater experience than himself that it was dangerous and suicidal to do as they were doing, and notwithstanding such warning proceeded to do the work in the condemned manner, and the building fell because of such method of doing the work, respondent would assume the risk and be guilty of contributory negligence and could not recover. This, we think, was as favorable an instruction as appellants were entitled to upon this point, and there was no error in refusing the one offered by them.

Complaint is also made of two instructions taken from *Liedke v. Moran Bros. Co., supra.* For the reasons there given, these instructions were a proper statement of the law and applicable to the facts involved. Other instructions complained of told the jury that appellants' duty was to adopt a reasonably safe plan, and to use ordinarily reasonable precaution consistent with the nature of the work to support the remaining portion of the structure from sudden collapse; and if they found the structure fell because of a defective plan, or

that the one adopted and carried out by appellants was unnecessarily dangerous, they would be liable. We see no fault in these instructions. They correctly stated the law, and are supported by *Ball v. Megrath,* 43 Wash. 107, 86 Pac. 382.

Another error complained of was in permitting Evarts and Crowe, who were injured in the same accident, to be asked if they had not been paid money in settlement of their claims of injury. This was permitted by the court upon the theory that it was relevant as touching their interest in the case and the weight to be given their testimony by the jury; and the jury were expressly cautioned to receive such testimony for no other purpose. As thus confined, we see no error in its admission.

Finding no error, the judgment is affirmed.

DUNBAR, C. J., CHADWICK, and CROW, JJ., concur.