[Civ. No. 7135.   First Appellate District, Division Two.—April 23, 1931.]

ERNEST   BLEUMEL,   Respondent,   v.   JOE   KROIZY Appellant.

Charles W. Haswell for Appellant.

Ford, Johnson & Bourquin and M. Mitchell Bourquin for Respondent.

586

NOURSE, P. J.—Plaintiff sued for damages resulting from an automobile collision. The cause was tried with a jury and resulted in a verdict for plaintiff against defendants Kroizy and Johnson for $6,000. The trial judge reduced the verdict to $3,500 and entered judgment in that amount. Each defendant has taken a separate appeal. The appeal of Kroizy alone is submitted for decision.

There is no material conflict in the evidence. Plaintiff was riding as the guest of defendant Kroizy, who was operating his car along the main highway running from Tracy into Livermore on the afternoon of Sunday, August 12, 1928. The defendant Johnson was operating her car along the same highway at the same time. Both cars were proceeding westerly toward Livermore in the midst of the usual heavy Sunday afternoon traffic which was chiefly going in the same direction. During the last few miles before the accident the Kroizy car had passed the Johnson car twice and the Johnson car had passed the other once. When approaching a curve in the highway the Johnson car attempted to pass the Kroizy car again when the latter was going at a speed of thirty-four miles. Mrs. Johnson sounded her horn, but, as she came alongside of the other car, Kroizy "speeded up" and the two cars raced side by side for about three hundred feet when the Johnson car struck another car coming in the opposite direction and all three cars were thrown off the highway.

The unescapable conclusion to be drawn from the evidence is that the two defendants were racing each other with a total disregard for the safety of the many other autoists using the highway. The negligence of both defendants is not disputable and that the negligence of both proximately contributed to the injuries of plaintiff there can be no doubt. Kroizy was negligent in refusing to slow down when the other cars attempted to pass him and in slowing down later when the other car slowed and attempted to cut in behind him.

The criticism of certain portions of the instructions carries no merit. The jury was advised that it was not necessary to find both defendants guilty of negligence proximately contributing to the injury; that against Kroizy alone it was necessary to find his negligence alone caused

the injury; that against Mrs. Johnson alone it was necessary to find the same as to her; but as against both it was necessary to find that the joint and concurrent negligence of both proximately caused the injury. The portions of the instructions complained of by appellant, when read with the whole charge, correctly state the law as to the liability of each defendant.

Complaint is made of the action of the trial court in permitting the jury to take to the jury-room the transcribed testimony of this appellant. The jury returned to the courtroom and asked that portions of this testimony be read. Counsel for the respective parties suggested that they might stipulate as to the facts under dispute. The trial judge suggested that the jury might take the transcript and read it. No objection was made by any party. We are wholly unable to see how this appellant could be prejudiced by having his testimony alone sent to the jury-room, and this must have appealed to appellant as well, as he has made no effort to show prejudice.

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.