[Civ. No. 7421. First Appellate District, Division Two.—May 19, 1931.]

ERNEST BLUEMEL, Respondent, v. JOE KROIZY et al., Defendants; MRS. H. R. JOHNSON, Appellant.

Myrick & Deering and Scott for Appellant.

Ford, Johnson & Bourquin and M. Mitchell Bourquin for Respondent.

NOURSE, P. J.—Plaintiff sued for damages for personal injuries. The jury awarded him a verdict of $6,000, which the trial judge reduced to $3,500. The defendant appeals on typewritten transcripts.

Plaintiff was riding as the guest of Joe Kroizy, who was operating his automobile along the main highway from Tracy to Livermore in the midst of a heavy Sunday afternoon traffic. Defendant Johnson was operating her car along the same highway in the same direction. As she endeavored to pass the Kroizy car she crashed into a car being driven by Ball in the opposite direction. Plaintiff sued the three operators. He dismissed as to Ball and recovered judgment against the other two. Upon a separate appeal we affirmed the judgment as to Kroizy. (*Bleumel* v. *Kroizy*, 113 Cal. App. 585 [298 Pac. 825].)

On this appeal the appellant does not question the sufficiency of the evidence to sustain the judgment against her. The sole complaint is that appellant was prejudiced by respondent's interrogation of one of her witnesses whereby it was disclosed to the jury that she was covered by insurance.

The appellant called as her first witness Willard Ball, through whom she endeavored to prove that the co-defendant Kroizy was alone responsible for the collision. His testimony upon matters of which he could not have had any independent knowledge was manifestly very favorable to this appellant. The respondent, being anxious to hold both defendants to their joint liability, took up the cross-examination of the witness with the announced purpose of showing his bias. The witness was first asked of he had brought any action against either of the parties for the injuries he had sustained. He pretended not to know what was meant by the question. He was then asked: "Has either of these parties or any one on behalf of either of the two parties, the two Buick automobiles made any settlement with you for injuries that you sustained in that collision." He would not give a direct answer to this question, but after further inquiry, stated that someone representing an insurance company had been to see him and that he had signed a paper releasing an insurance company. It was not until after persistent questioning that the witness admitted that he had released Mrs. Johnson from liability. If he had answered frankly the first questions propounded there would have been no occasion for bringing into the record any reference to any insurance company.

The respondent defends the line of inquiry on the ground that it was solely for the purpose of showing the bias of the witness and cites to the point *St. Louis, S. F. & T. Ry. Co.* v. *Knowles,* 44 Tex. Civ. App. 172 [99 S. W. 867, 869], where similar evidence was limited to that purpose.

We are in full accord with this view. ■ It is the settled rule that a witness may be asked on cross-examination whether he has received any money from one of the parties, or has made a settlement of a claim against a party when such inquiry is directed to the purpose of showing the interest or bias of the witness. (*People* v. *Ellena,* 67 Cal. App. 683, 691 [228 Pac. 389]; *Etheridge* v. *Gordon Const. Co.,* 62 Wash. 256 [113 Pac. 639, 640]; and see, generally, 40 Cyc., pp. 2665, 2671, and 3d Dec. Dig., sec. 372.) No other errors are suggested and we find none in the record.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.