[Civ. No. 2613.   Fourth Dist.—April 21, 1941.]

CLARA R. BARLOW et al., Respondents, v. GEORGE B. CROME et al., Appellants.

Chas. E. R. Fulcher, Borton, Petrini, Conron & Borton for Appellants.

Edward West for Respondents.

GRIFFIN, J.—This is an action arising out of an automobile collision wherein the plaintiff Clara R. Barlow sought recovery for personal injuries suffered by her; W. R. Barlow sought damages for injuries suffered by him, and E. S. Barlow, Jr., as administrator of the estate of Edward Sumner Barlow, deceased, sought damages by reason of the death of said deceased. Upon trial of the action before a jury verdicts were rendered in favor of Clara R. Barlow for $10,000; in favor of W. R. Barlow for $1,000; and in favor of E. S. Barlow, Jr., as administrator, for the sum of $5,000.

Edison Drive is a public highway in the county of Kern, and runs in a northerly and southerly direction. At the

time of the accident it had an oiled surface approximately 18 feet in width. It intersects Redbank Road, which runs in an easterly and westerly direction, at approximately right angles. Redbank Road is an unpaved dirt road. There were no traffic signs, such as boulevard stop signs, slow signs, or other directions posted at or near the intersections on either of the roads in question.

The accident occurred on May 31, 1939, at about 6 o'clock P. M., at a time when the sun was sinking in the western horizon, so that it cast its rays directly down Redbank Road into the face of the driver of the car approaching from the east. The appellant John Joseph Vincenti was driving a Chevrolet "pick-up" automobile in a westerly direction on Redbank Road.

It is admitted that at that time he was employed by the appellant Bakersfield Hardware Company and was acting within the course and scope of his employment. The respondent W. R. Barlow, a son of Clara R. Barlow and the deceased Edward Sumner Barlow, was driving a Packard automobile owned by the decedent in a southerly direction on Edison Drive. The two automobiles collided at the intersection of the two above-mentioned streets, the Chevrolet striking the Packard on its left side so that the most southerly portion of the Packard struck by the Chevrolet was about one-third of the distance back from the front of the Packard, and the collision occurred slightly west of the imaginary center line of Edison Drive and about the center line of Redbank Road. It is conceded by these appellants that the evidence was sufficient to establish negligence on the part of appellants.

The sole point upon the sufficiency of the evidence discussed here, pertains to the question of the contributory negligence of the respondents as a matter of law.

Vincenti testified that as he approached the intersection he was bothered in his driving by the sun, and admitted after the collision that he was blinded by it. We will therefore only review the evidence as to the acts and conduct of the driver Barlow. He testified generally that he was driving his car southerly on Edison Drive, and when about 100 yards from the intersection of Redbank Road, he looked to his left, i. e., to the east, and saw the appellants' "pick-up" at a distance not quite twice as far from the intersection as he was; that he (Barlow) was traveling at about 40 to 45 miles

per hour and that during the time of his looking to the left and his observation of the appellants' "pick-up", he had approached to within about 50 yards of the intersection. He then looked to his right (to the west) and saw no oncoming traffic, then looked ahead to the south, saw no traffic facing him, and that by the time a brief period had elapsed, he was in the center of the intersection. He then again looked to the left and saw appellants' "pick-up" approaching approximately 10 feet away.

It is appellants' contention that the uncontradicted testimony shows that the respondent driver was guilty of contributory negligence as a matter of law in that he failed to use his sense of sight for the purpose of avoiding the collision, and failed to look or to observe what would have been perfectly apparent to a reasonable man under the same circumstances, and that therefore he was just as negligent as though he had not looked at all; that his duty to look was a continuing duty and was not met by looking once and then looking away, citing *Wing* v. *Kishi,* 92 Cal. App. 495 [268 Pac. 483]; *Chase* v. *Thomas,* 7 Cal. App. (2d) 440 [46 Pac. (2d) 200]; *Berlin* v. *Violett,* 129 Cal. App. 337 [18 Pac. (2d) 737]. The facts here related do not bring this case within the rule announced in the cases cited nor make the question of contributory negligence of the driver, if any, one of law. The question was one of fact for the jury, and was decided adversely to appellants.

The only question of merit is whether prejudicial error was committed by the court in giving a certain oral instruction pertaining to the meaning of contributory negligence. After the court thoroughly, properly, and fully instructed the jury on the question of contributory negligence, the jury retired, and after some time returned with the statement that "there seems to be some confusion in the minds of the jurors in regard to the meaning of contributory negligence". The court then, according to the transcript, proceeded to say:

"Well, I will try to settle that now. Contributory—of course, we know the meaning of the word contributory, it means one thing, probably the same as it does in any language. One who contributes is a contributor and one who is actually contributing is a contributor. Now that may be a little bit indefinite too, but it means here 'one who aids or

abets'. There is no word that—no word or definition that can carry the meaning or no other word but that, unless it means to some extent a concurring negligence where two parties are negligent. For instance you start off in this way: Plaintiff comes before the court and alleges that the defendant was negligent and in that event he assumes that burden. Now if he does prove that the defendant was negligent and as a result of that negligence the plaintiff were injured he is in here complaining that the defendant was the sole cause of the accident.

"Of course, if they prove at the same time that he was negligent too, and assume also that he shows evidence of negligence on his part and goes ahead and proves the defendant was negligent, the plaintiff has asserted that even if he were negligent that nevertheless the defendant was negligent too along with the negligence of the plaintiff. Concurring and contributing to, that is aiding to, that would be perhaps as good an illustration as I could use; contributing to—contributes and furnishes; he would add to the other's negligence and if they prove in any degree the contributory negligence to the accident or injury complained of then, of course, the plaintiff cannot recover.

"In contributory negligence there may be many phases. It is somewhat difficult to express in one word but its meaning is a joint negligence. That usually means working together and with the same purpose, but here, however, there would not be the same purpose.

"Juror: Now, Your Honor, I think the main part that is confusing is what the word negligence would mean in this case. In other words what bearing it would have upon—that is, what its bearing would have upon any damages that might be allowed."

The court then fully reiterated the previous written instructions on the imputation of the negligence of the driver Barlow to the other plaintiffs, including the administrator of the estate appearing for the benefit of the heirs.

■ Respondents, in their brief, recite "that the only difficulty existing in regard to the verbal instruction of which appellants complain, is that the phonographic reporter has badly garbled the language of the court", and that "the brilliant and precise English of the Honorable Judge Pat R. Parker is so well known to the bar and bench as to be in-

stitutional, and almost within the judicial knowledge of the court''. However, it is argued that the instruction, although haltingly reported, still is sound in law, and in nowise prejudicial. This court, however, must accept and is bound by the record before it, and it is this record which we must consider in determining the question presented. (*Stevenson* v. *Fleming*, 43 Cal. App. (2d) 641 [111 Pac. (2d) 420]; *In re Silva*, 213 Cal. 446 [2 Pac. (2d) 341]; *Locke Paddon* v. *Locke Paddon*, 194 Cal. 73 [227 Pac. 715].)

It is appellants' contention that instead of clarifying the previous written instruction properly given on the subject, the oral instruction was improper and only served to further confuse the jury, and that the oral instruction as given cannot be reconciled with established law on that subject.

■ From a reading of the oral instruction as recorded by the reporter, although unhappily worded and containing some verbal inaccuracies, taken as a whole and considered with the written instructions which were admittedly proper, we do not feel impelled to reverse the judgment for such verbal inaccuracies, particularly so where the evidence of appellants' negligence is admittedly so convincing and the evidence of respondents' contributory negligence so slight. ■ It has been often stated that a trial court is not required to state all the law applicable to a case in a single instruction. The instructions must be read as a whole, viz., each instruction should be considered in connection with the others and if, without straining any portion of the language, the instructions harmonize as a whole, and fairly and accurately state the law, a reversal may not be had because of verbal inaccuracies, because isolated sentences and phrases are open to just criticism, or because a separate instruction does not contain all of the conditions and elements which are to be gathered from the instructions as a whole. ■ The entire instructions should be given a fair and reasonable construction with a view to ascertaining their probable effect upon the jury, and must be considered in the light of the issues raised by the pleadings, and the words employed will be construed in accordance with their natural and ordinary meaning. (*Murphy* v. *National Ice Cream Co.*, 114 Cal. App. 482 [300 Pac. 91]; *Bleumel* v. *Kroizy*, 113 Cal. App. 585 [298 Pac. 825]; *Von Stetten* v. *Yellow-Checker Cab Co.*, 100 Cal. App.

775, 783 [281 Pac. 95].) The instructions here given, considered as a whole, come well within this rule.

For the reasons expressed, the judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 19, 1941.