143 So.2d 167

Fay Simmons JOWERS

v.

Heathie DAUPHIN.

4 Div. 78.

Supreme Court of Alabama.

June 14, 1962.

Rehearing Denied July 12, 1962.

———◆———

Prestwood & Prestwood, Andalusia, for appellant.

Tipler & Fuller, Andalusia, for appellee.

SIMPSON, Justice.

Appellee recovered a judgment in a tort action against appellant arising from the collision of appellant's automobile with the pick-up truck in which appellee was riding.

The pick-up truck was proceeding in a northerly direction over Highway 231 near Opp, Alabama and the automobile of appellant was traveling in the same direction behind the pick-up truck when appellant drove her automobile into the rear of the pick-up truck.

Appellant assigns several errors but in view of our conclusion that there is one patent error which requires a reversal of the case, we see no good purpose in discussing the other assignments.

The error which we think is fatal to an affirmance of the case was the admission of certain testimony of the highway patrolman who was not present when the accident occurred but was allowed to testify as to the speed of both vehicles immediately before the collision, from what he observed at the scene.

Following is the record, with reference to the testimony of the highway patrolman:

"Q From your investigation of the wreck there and the physical findings, and from your experience in the investigation of wrecks, what, in your judgment, was the speed of the Jowers car immediately before the wreck?

"MR. PRESTWOOD: We object to that on the grounds that he has not developed any basis for forming this opinion.

"THE COURT: Overrule.

"A I would say some 65 to 70 miles an hour.

"Q In your judgment how fast was the pick-up truck going at the time of the wreck?

"MR. PRESTWOOD: We object to that.

"THE COURT: Overrule.

"A Approximately some 40 miles an hour.

"Q Was there any signs or indication at all there to show that either one of them had stopped before the wreck?

"A No, sir.

"Q Now after the wreck, were there any skid marks from the point of impact on the Mercury, driven by Mrs. Jowers?

"A Yes.

"Q Where did those skid marks go and how far they went?

"A They went from the right lane across over into the left lane and against the banister of the bridge for approximately 54 feet.

"Q At the point of impact, from the indications there, was the Dauphin truck on its right hand side of the road?

"A Yes, sir.

"Q Was the Mercury on its right hand side of the road?

"A Yes, sir.

"Q What part of the Mercury hit what part of the pick-up truck?

"A Well, the front of the Mercury hit the rear end of the pick-up truck.

"Q In other words, both of them were going on the same side of the road north and the Mercury hit the back end of the pick-up?

"A Yes, sir.

"Q And the pick-up was the Dauphin vehicle?

"A Yes, sir.

"Q And the Mercury was the Jowers vehicle?

"A Yes, sir."

It will be observed from the foregoing testimony that the skid marks on the highway were made when the vehicles collided. In our recent case of Baggett v. Allen, Ala., 137 So.2d 37, this court held testimony substantially similar to the foregoing to be error authorizing the trial court to grant a motion for a new trial for allowing it in evidence. The only difference between the evidence in the instant case and that in the Baggett case is that after the impact in the Baggett case there were "scuff marks in the road", whereas in the instant case after the impact there were "skid marks" in the highway. The cases of Williams v. Roche Undertaking Co., 255 Ala. 56, 49 So.2d 902, and Huguley v. State, 39 Ala.App. 104, 96 So.2d 315, are cited in the Baggett case as supporting the holding that such evidence is erroneously admitted. We entertain the view that these authorities impel us to order a reversal of the case for the admission of the foregoing testimony.

Appellee cites Jackson v. Vaughan, 204 Ala. 543, 86 So. 469 and Johnson v. Battles, 255 Ala. 624, 52 So.2d 702 to sustain the ruling below. The Jackson case sustains the principle that one shown to be an expert may express opinion as to the estimated speed of an automobile predicated on the distance the tires "skidded" or were dragged along the highway before the impact; and that case seems to have been cited with approval in the Johnson case. This seems to be the distinguishing difference which this court has made with reference to this type of testimony. We think the first cited authorities rule out evidence of such expert testimony when the "scuff marks" or "skid marks" in the road or highway were made at the time of the impact and that the witness may not testify as to the speed of the vehicles simply by observing these local conditions and viewing the damage to the vehicles; whereas the last two cited cases are cases where the skid marks were made by the vehicle before impact. For general authorities see 70 A.L.R. 544 and 156 A.L.R. 383.

If the distinction needs any rationalization we might well quote from Mobile City

Lines v. Alexander, 249 Ala. 107, 112, 30 So.2d 4, 8, where this court observed:

"* * * we think it a matter of common knowledge that when two such moving objects collide * * * they may behave in a manner which *seemingly* defies all the laws of physics."

For the error noted the case must be reversed. Reversed and Remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.