169 So.2d 771

**Vada Jennings McQUINN**

**v.**

**CITY OF GUNTERSVILLE.**

**8 Div. 174.**

Supreme Court of Alabama.

Dec. 10, 1964.

Hobdy G. Rains, Gadsden, for appellant.[1]

Joe Starnes, Jr., Guntersville, for appellee.

PER CURIAM.

This is an appeal from a judgment of the circuit court of Marshall County ordering appellant to deliver to appellee the possession of certain described premises. Appellee had initiated legal proceedings in the county court of Marshall County to recover the premises. From an adverse judgment in that court, appellee (here) appealed to the circuit court of Marshall County, where

the case was tried de novo without the intervention of a jury.

The issues here presented pivot on the interpretation of a renewal provision in a sublease agreement (in writing) between the appellant, Mrs. McQuinn, and Hugh C. Word, who was the lessee of appellee in this appeal. Mr. Word leased from the City of Guntersville certain described premises, constituting a marina, for ten years. The lease began on May 1, 1956. Mr. Word subleased the restaurant on the marina to appellant for a period of one year, beginning October 5, 1962.

The lease agreement between Mr. Word and Mrs. McQuinn contains a renewal agreement as follows:

> "*Within* thirty (30) days *from* the expiration of the original term of this lease and within thirty (30) days of an extension thereof, the Lessee can give notice to the Lessor that Lessee will rent said property for an additional term of one (1) year at a rental of One Hundred ($100.00) Dollars per month." [Emphasis supplied.]

The words above italicized have a material bearing on the rights of the parties to the contract.

Appellee instituted suit against appellant for possession of the premises occupied by the restaurant after Mr. Word surrendered his lease and possession of the remaining premises to his lessor, the City of Guntersville. The issues on this appeal, as we understand the briefs, are confined to an interpretation and meaning of the aforequoted provision. Without dispute, Mrs. McQuinn gave notice on October 8, 1962, (three days after the expiration of the one year period of her lease) to her lessor, Mr. Word, and to his lessor, the City of Guntersville, that she had elected to renew her lease for a term of one year. After demand by appellee and refusal of appellant to surrender the leased premises (restaurant), appellee filed suit in the county court of Marshall County for possession of the premises.

It is the contention of appellant that the word "from" in the aforequoted provision means "after," while appellee insists that in the light of its context and of the entire contract, it should be construed to mean "before." The trial judge in the circuit court agreed with the latter contention and rendered judgment in favor of appellee for possession of the premises.

We are not in accord with the construction of the learned trial judge, whose written opinion in the record before us, we have carefully read and considered, including the case of Evans v. Sanders, 8 Porter 497, which is cited in the opinion as supporting appellee's contention.

In this cited case, this court was construing the effect of a provision in a promissory note to pay interest. The note was as follows:

> "$1243.83.
>
> "Wilcox county, So. Alabama, 20th December, 1834. On first January, eighteen hundred and thirty-six (with interest from 1835,) I promise to pay Moses Sanders, or bearer, twelve hundred and forty-three dollars, and eighty-three cents, for value received.
>
> "(Signed)     Harris Smith Evans."

The opinion of this court in Evans v. Sanders, supra (omitting citations of cases), is as follows:

> "It is an acknowledged rule, in the construction of written contracts, that the intention of the parties, as ascertained from its terms, and the subject matter, determines its meaning * *.
>
> "So, in questions of doubt, it is equally well settled, that the contract is to be construed most strongly against the party who stipulates the payment of a debt, or the performance of a duty * * *.
>
> "Again: where the terms of a contract are susceptible of two significations, we ought to understand them in a sense, which is most agreeable to the

nature of the contract; and where a clause is susceptible of different constructions, it should be taken in that sense which will give to it some operation, rather than that which will have none * * *.

"The contract, in the case at bar, it is admitted, is in an unusual form; and so expressed, as to require an application of the rules of construction. Without attempting any thing like an abstract critical examination of the word 'from,' which we are not quite sure would lead to the conclusion, that, when used in connection with time, always means *after* the period has transpired, we are satisfied, that it cannot be thus interpreted, in the present case. What effect would the terms, 'from 1835,' have, were we to take them as expressing after the determination of that year? The legal effect of the plaintiff's undertaking, independent of such a clause, would have subjected him to the payment of interest. The parties cannot be supposed to have used words, without any definite meaning in view; and there is no pretence for saying that they contemplated an intermediate period, between the first of January, eighteen hundred and thirty-five, and of January, eighteen hundred and thirty-six. So, that the only interpretation which, in our judgment, is authorized by the rules we have laid down, and will effectuate the intention of the parties, is, to give interest from the first of January, eighteen hundred and thirty-five. There is, then, no error in the judgment of the Circuit court, and the same is affirmed."

It is to be noted that in the above case the maker of the note, *without the words* "from 1835," would have been liable for lawful interest after the maturity of the note. In order to give the words some meaning, the court held that the starting point of interest, which was ambiguous, was January, 1835. Interest accrued *from* that date.

The provision of the contract here under consideration says, without ambiguity, that the renewal may be exercised "within thirty (30) days from the expiration of the original term of this lease * * *." The beginning point fixed by the agreement is the expiration date of the original term. We are unwilling to say that the word "within," in conjunction with the word "from," means *before* the expiration. This clause, as we construe it, has, as mandated in Evans v. Sanders, supra, an operational meaning.

We are quite aware that the preposition "from" has many dictionary definitions, too numerous to collate in this opinion; also, it has been the subject of many legal interpretations and constructions consonant with its use in particular statutory and contractual settings.

We cannot resort to a critical examination or a strained construction of the word "from" as here used, and lift it out of its general acceptation and meaning, to the end that usage and custom of renewing rental agreements by notice before the expiration date of the lease may be accommodated. We do not think the context of the word or any of the provisions of the agreement justify an interpretation that notice of the renewal should have been given prior to the expiration of the tenancy agreement. In our judgment notice within thirty days after the expiration of the original term of one year was sufficient. Such notice was given on November 8 following the expiration date of November 5.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.