202 So.2d 716

Rebecca Turner ROSEN

v.

Ruby Mae LAWSON, as Admrx., etc.

4 Div. 222.

Supreme Court of Alabama.

Sept. 14, 1967.

A. R. Powell, Jr., Andalusia, for appellant.

Tipler & Fuller, Andalusia, for appellee.

LIVINGSTON, Chief Justice.

This appeal is from a judgment for the plaintiff, Ruby Mae Lawson, Administratrix, in the sum of $4,500 against the defendant, Rebecca Turner Rosen, for personal injury sustained in an automobile collision between an automobile driven by Olin Lawson, deceased husband of the plaintiff, and an automobile driven by the defendant, Rebecca Turner Rosen. Olin Lawson was the original plaintiff; but before trial of the case he died and the cause was revived by his widow as administratrix of his estate.

The complaint contains two counts. Count One is a simple negligence count, and Count Two is a wanton count. The defendant filed pleadings in short by consent.

Appellant was driving her automobile east on Church Street in Andalusia. She testified that she was driving at a speed of approximately 25 miles per hour. She was driving toward the intersection of Church Street and Opp Avenue where the collision occurred. Olin Lawson was driving south on Opp Avenue. Church Street is a through street and Lawson had to stop for a stop sign at the intersection. As the appellant approached the intersection, Lawson started across the intersection. The appellant applied her brakes and skidded 45 feet before impact with the Lawson automobile, at the south-west corner of the intersection. The front of the Lawson car was in the south lane of Church Street when the collision occurred.

A Highway Patrolman, G. J. Ward, was called to investigate the accident. He was called because Lawson was a deputy sheriff and a county vehicle was involved. Ward testified that there were 45 feet of skid marks by the Rosen automobile and that in his opinion she was traveling 45 miles per hour.

The only eyewitness to the accident, other than the occupants of the automobiles, was Harvey Wilson. He testified that Lawson stopped at the intersection and then proceeded across. He also testified that in his opinion the Rosen car was traveling 45 or 50 miles per hour. There was also testimony by a pedestrian that the Rosen automobile was only traveling 25 miles per hour one block before the accident and at the time of the collision.

Mr. Lawson was taken to a hospital and remained there for five days. Dr. Evers, the attending physician, testified that while Lawson was in the hospital he admitted to him that the accident was his (Lawson's) fault. Lawson complained of pain in his back then and after he was released. Mrs. Lawson testified that he complained of pain in his chest and back until his death. His death was from causes other than the injuries received in the accident.

Upon conclusion of the testimony, the court refused to give the affirmative charge, with and without hypothesis, for the defendant as to both counts. The case was submitted to the jury on both counts and a general verdict was returned in favor of plaintiff in amount of $4500. Defendant filed motion for a new trial, which was denied.

Appellant's assignment of error No. 5 raises the point that the trial court, over seasonable objection, permitted the witness, G. J. Ward, the patrolman, to testify as to his best judgment of the speed of the Rosen automobile. The question was as follows:

"Q. From the skid marks that you saw there, from the point of impact, from the damage to the vehicles, do you have a judgment as to the speed of the Cadillac [Rosen] automobile just before the wreck?"

Ward answered that in his best estimate the speed was 45 miles per hour. The appellant contends that Ward was asked to express an opinion as to the speed on the ba-

sis of skid marks *from* the point of impact, such testimony being inadmissible under the rule set out in Jowers v. Dauphin, 273 Ala. 567, 143 So.2d 167.

In the instant case, the only skid marks that were ever referred to were those made before the vehicles collided. From a reading of the complete question, it is obvious that the word "from" preceding the words "the point of impact" and the words "the damage to the vehicles" is used conjunctively. Ward was asked to give his best estimate of the speed based on the three factors given in the question. The only skid marks testified to that could be considered were those made before impact. It is well settled that one shown to be an expert may testify as to his judgment as to the speed of an automobile predicated on skid marks made before impact. Jowers v. Dauphin, supra; Johnson v. Battles, 255 Ala. 624, 52 So.2d 702; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469. The skid marks before impact, the point of impact, and the damage to the vehicles were factors upon which an expert could validly predicate his opinion as to speed. Stanley v. Hayes, 276 Ala. 532, 165 So.2d 84. Appellant cites the case of McQuinn v. City of Guntersville, 277 Ala. 328, 169 So.2d 771, to support the proposition that the word "from" means "after." The *McQuinn* case is not applicable to this situation, in that the word "from" in that case was used in a lease agreement to denote when a period of time should begin, not as a conjunction. There was no error committed in overruling the objection to the question.

Assignment of error No. 8 relates to the action of the trial court in permitting the witness, Ruby Mae Lawson, to testify, over objection of attorney for defendant, to the effect that as long as Olin Lawson lived after the accident occurred he never told her that the accident was his fault. Appellant's objection to this testimony only went to the weight of the testimony and not to its admissibility. Since Mrs. Lawson was with her husband a great deal of the time he was in the hospital, it is probable that she would have heard the admission to the doctor. Where her situation was such that it is probable that she would have heard the conversation between her husband and the doctor, her ignorance of the admission is competent evidence. Blakey v. Blakey, 33 Ala. 611; Planters' Chemical & Oil Co. v. Stearnes, 189 Ala. 503, 66 So. 699; Nelson v. Iverson, 24 Ala. 9. The weight that was to be given the positive testimony (admission to the doctor) and the negative testimony (Mrs. Lawson's ignorance of the admission) was a question for the jury. The testimony was admissible to refute that of Dr. Evers in respect to whether or not the alleged admission was made. The trial court carefully excluded any declaration of Olin Lawson to Mrs. Lawson that the accident was not his fault.

Appellant also contends that it was reversible error to allow Mrs. Lawson to testify as to a conversation between Mr. Lawson and Dr. Evers about Lawson's physical condition while Lawson was in the hospital. The testimony was inadmissible as it was hearsay, but as the purpose of the testimony was only to show the physical condition of Lawson when he left the hospital, there was only error without injury as there was other testimony to show his physical condition. This Court will not reverse a judgment on appeal for any error unless it should appear that the error complained of has probably injuriously affected substantial rights of the parties. Supreme Court Rule 45.

Assignments of error 11, 12 and 13 raise the point that the trial court committed error in submitting the case to the jury on the wanton count, in defining wantonness to the jury, and in refusing to grant the affirmative charge to the defendant. Appellant contends that there was not sufficient evidence to go to the jury on the wanton count. In Jackson v. Cook, 275 Ala. 151, 153 So.2d 229, the court held that in

considering the sufficiency of the evidence of wantonness to be submitted to the jury, this court must accept the adduced evidence most favorable to the plaintiff as true, and indulge such reasonable inferences as the jury was free to draw from the evidence. English v. Jacobs, 263 Ala. 376, 82 So.2d 542; McNickle v. Stripling, 259 Ala. 576, 67 So.2d 832. Where from the evidence a reasonable inference may be drawn adverse to the party requesting the affirmative charge, the charge is properly refused. Aircraft Sales & Service v. Gantt, 255 Ala. 508, 52 So.2d 388.

█ In wantonness, the party doing the act or failing to act, is conscious of his conduct, and without having the intent to injure, is conscious, from his knowledge of existing circumstances and conditions, that his conduct will likely or probably result in injury. Birmingham Railway & Electric Co. v. Bowers, 110 Ala. 328, 20 So. 345. There was evidence that the appellant was driving at a speed of 45 to 50 miles per hour in a business district at the time of the accident. This speeding was a conscious act on the part of the appellant which she knew, or should have known, would likely or probably result in injury. The appellant admitted knowledge of the presence of the Lawson car in the intersection. Because the appellant had this knowledge, the question was for the jury as to whether she drove her car into the Lawson car as a result of the speed she was traveling, and with knowledge of the circumstances, and with a conscious indifference to the consequences, she omitted to do that which she could and ought to have done to prevent the collision; in which event, she would be liable for wantonness. Thompson v. White, 274 Ala. 413, 149 So.2d 797. We are thus of the opinion that the refusal to give the affirmative charge for the defendant-appellant on the wanton count was not error nor was the defining of wantonness to the jury.

█ Appellant next argues that the judgment awarded to the plaintiff was ex-cessive. This point was also raised on motion for a new trial, and the motion was overruled. Assessment of damages is left largely to the discretion of the jury, in the first instance, and to the discretion of the trial judge on motion for new trial. A jury's award of damages will not be disturbed unless it is so excessive as to indicate passion, prejudice, corruption, or mistake. When the trial court has refused to disturb a verdict because of the amount recovered, a reviewing court is reluctant to substitute its judgment for that of the jury and the trial court. F. W. Woolworth Co. v. Bradbury, 273 Ala. 392, 140 So.2d 824; Great Atlantic & Pacific Tea Co. v. Weems, 266 Ala. 415, 96 So.2d 741; Louisville & Nashville R. R. Co. v. Tucker, 262 Ala. 570, 80 So.2d 288; Montgomery City Lines, Inc. v. Davis, 261 Ala. 491, 74 So.2d 923. We are unable to say that the ruling of the trial judge on this was palpably wrong.

Assignment of error No. 6 argues that the trial court committed error in sustaining the objection of the attorney for the plaintiff to the following question asked the witness patrolman, G. J. Ward, on cross-examination:

"Q. Now after this accident occurred did you prefer any traffic charges against Mrs. Rosen?"

█ Appellant argues that the question should have been answered for the purpose of impeaching Ward. It is contended that if Ward had preferred a traffic charge against the appellant, Mrs. Rosen, an answer to that effect would have bolstered his position and his version of the accident. (Ward testified that in his opinion the Rosen car was traveling 45 miles per hour.) It is appellant's argument that because Ward and Mr. Lawson were good friends and worked out of the same office that a failure to give Mrs. Rosen a traffic ticket would reflect on Ward's credibility as to his testimony about Mrs. Rosen speeding.

We cannot accept appellant's argument. It is well known that in many traffic acci-

dents no traffic charges are preferred even though there has been a violation of a traffic regulation.

■ The range of cross-examination is within the discretion of the trial court and unless it clearly appears that error intervened to the substantial injury of the adverse party, the ruling of the trial court will not be disturbed on appeal. Sowell v. State, 30 Ala.App. 18, 199 So. 900. The extent of cross-examination for purpose of showing bias also depends upon whether such testimony is of a nature to be seriously affected by prejudice, bias, or hostility. Even though the testimony of the witness may be legally important, it may be of a character not readily responsive to bias, or it may be merely cumulative to that of witnesses whose statements are clear, reasonable, and undiscredited. In such case, any but the briefest inquiry into a supposed hostility or bias may be, in fact, frivolous. Louisville & N. R. Co. v. Martin, 240 Ala. 124, 198 So. 141. Ward's testimony as to the speed of the Rosen car was not such as to be readily responsive to bias, inasmuch as his opinion of the speed was based on physical facts found at the scene of the accident which he could not change. If the appellant had thought Ward's opinion of the speed of her car was incorrect, she could have brought her own expert to testify as to his opinion of the speed based upon the same physical facts as Ward's opinion. Also, Ward's testimony was cumulative to that of the witness Harvey Wilson, who was an eyewitness and testified that the Rosen car was traveling at a speed of 45 to 50 miles per hour.

We have covered the argued assignments of error and find no cause for reversal.

Affirmed.

GOODWYN, MERRILL and HARWOOD, JJ., concur.