Alex Van McWhorter, the eight-year-old son of the appellant-plaintiff, Jimmy Lee McWhorter, while riding a bicycle, was struck and killed by Henry C. Henderson, now deceased. Appellee-defendant A.B. Clark is the administrator of the Henderson estate. Appellant brought an action for wrongful death against appellee. A jury rendered a verdict for appellee.
Appellant claims that a police officer should not have been allowed to testify as to the speed of Henderson's vehicle, that the issue of contributory negligence should not have been submitted to the jury, and that testimony that the bicycle Alex was riding did not have a headlight was not germane to the case.
 I
Over the appellant's objection, Officer Smith, who had previously investigated 300 to 350 automobile accidents, testified on cross-examination that in his opinion the Henderson vehicle was traveling 30 to 35 miles per hour at the time of the accident. The foundation for his opinion was scuff marks believed to have been made at the point of impact, torn up gravel believed to have been made at the point of impact, the measured distance of 115 feet from the point of impact and the Henderson car, and a booklet from the Traffic Institute of Northwestern University.
The question is not whether Officer Smith is a qualified expert who may give his judgment as to the speed of a car, but rather, whether even an expert may give his judgment based on the information Officer Smith had before him. The law on this question is stated in Maslankowski v. Beam, 288 Ala. 254, 264,259 So.2d 804, 813 (1972):
 "This Court has said that an expert, not an eyewitness to the collision, can testify as to the estimated speed of an automobile predicated on the distance the tires `skidded' or were dragged along the highway before impact, Jackson v. Vaughn, 204 Ala. 543, 86 So. 469, but not predicated on the distance the tires `skidded' after impact. Jowers v. Dauphin, 273 Ala. 567, 143 So.2d 167 (1962)."
In this case Officer Smith's judgment as to the speed of the Henderson car was based entirely on the distance between the point of impact and the distance to the car after it came to a halt. The car was not even shown to have come to a skidding halt. Nor did Officer Smith establish where Henderson initially applied his brakes. He may have applied his brakes some distance before the accident. Given the facts before Officer Smith, the court erred in admitting his judgment as to the speed of the Henderson car.
The appellee points to the case of Maslankowski v. Beam, supra, that a properly qualified witness may base his opinion on facts derived from events occurring after the accident. The expert in Maslankowski was a "professional Accident Reconstruction Consultant" with extensive qualifications. His detailed reconstruction of the accident is in no way analogous to this case. The situation before us was specifically excepted from the situation before the court in Maslankowski.
 "In each of these cases [where expert testimony was not allowed based on physical facts brought into being after impact] there was no similar expert before the trial court. In practically all of these cases the expert was a law enforcement officer, usually the investigating officer. In such cases, the so-called expert testified, or offered to testify, that he had observed the physical facts around the accident and that his estimate of speed *Page 905 
was based upon such physical facts and his experience in investigating accidents. No explanation of the scientific methods employed, if any, were ever presented to the trial court. In each of those cases, this Court was motivated to think, since there was such a sparcity of scientific information presented, that the trial court correctly ruled such opinion testimony was inadmissible; or on the other hand, that the trial court abused its discretion in allowing such so-called expert testimony to be presented to the jury." Id. at 265, 259 So.2d at 814.
 II
The judge charged the jury:
 "Now, in his answer number three, he [appellee-defendant] comes in and he says, `That on the time and occasion complained of, Alex Van McWhorter, was guilty of contributory negligence.' He is saying that the deceased boy riding the bicycle was guilty of contributory negligence. Now, I would like to read to you about contributory negligence: `A child between the age of seven and fourteen years of age is presumed to be wanting in that degree of care, judgment, discretion, and sensitiveness to danger, which belongs to the average child which is fourteen years of age, and therefore considered to be incapable of committing contributory negligence.' This presumption is rebuttable. And if you are reasonably satisfied from the evidence that the plaintiff, or the deceased boy, was between the age of seven and fourteen years, and did, at the time of the occasion complained of, possess that degree of care, judgment, discretion and sensitiveness to danger belonging to an average child fourteen years of age, then you would consider and determine whether or not he was guilty of contributory negligence. Now, that applies to the contributory negligence of a minor."
The judge concluded his charge with the following remarks:
 "If, after you have weighed and considered all of the evidence in the case, that for the plaintiff and that for the defendant, if you are not reasonably satisfied that the defendant was negligent at the time and on the occasion testified to by the witnesses in this case; or you are reasonably satisfied that the deceased boy was guilty of contributory negligence, which was the proximate cause of his death; or, you are reasonably satisfied that the contributory negligence of the father proximately caused the death of the deceased, then you would find for the defendant."
The appellant does not contend that the charge was an incorrect statement of the law (see Cedar Creek Store Co. v.Stedham, 187 Ala. 622, 65 So. 984 (1914)), but rather that the judge erred in submitting the question of contributory negligence to the jury because not a scintilla of evidence existed tending to show that the deceased boy possessed the maturity and sensibility of a fourteen-year-old.
The appellee does not argue that such evidence exists, but rather, attempts to raise arguments that were not before the trial court, namely that we should adopt the "same age standard" (see "Contributory Negligence of Children," 77 A.L.R.2d 917, § 6), or if we decline, that we should still allow the charge because the damages claimed are punitive under the Wrongful Death Statute and the reasons for protecting minors therefore fail. Regardless of the merits of appellee's contentions, we shall not review questions not decided by the trial court. Cox v. Howard Hall Co., 289 Ala. 35, 265 So.2d 580
(1972).
We have read the record and agree that the evidence completely failed to address the maturity and sensibility of the deceased child. If upon re-trial the facts remain the same, we are of the opinion that the trial judge should not submit to the jury the issue of contributory negligence of the deceased child.
 III
The third issue — whether testimony regarding the absence of a light on the front of the bike was admissible — may also *Page 906 
arise on remand. The appellant objected to the testimony on the basis that it had no bearing on the case because the boy had been hit from behind. The appellant further argues that the appellee was actually seeking to establish the contributory negligence of the child, which could not be properly considered until the presumption against his contributory negligence was overcome (see issue II).
The appellee argues that whether the bike had a front headlight is relevant to the initial negligence of the appellee's testate, as distinct from the contributory negligence of the child or his father.
 "The question of whether a particular piece of evidence is relevant is one addressed largely to the discretion of the trial court (Bradley v. Jones, 282 Ala. 331, 211 So.2d 465 (1968); Occidental Life Ins. Co. of California v. Nichols, 266 Ala. 521, 97 So.2d 879 (1957); Sorrell v. Scheuer, 209 Ala. 268, 96 So. 216 (1923)); . . ." Alabama Power Company v. Tatum, 293 Ala. 500, 306 So.2d 251, 258 (1975).
 ". . . [W]here the competency of evidence is doubtful, the better practice is to allow the evidence to go to the jury, leaving them to determine its weight and credibility. (Citation omitted.) That is to say, if the evidence tends to prove a fact for determination by the jury, however slight the evidence may be, it is relevant (Citation omitted)." Sorrell v. Scheuer, 209 Ala. 268, 269, 96 So. 216, 217 (1923).
Conceivably, a light on the front of the bike could be noticed by a car approaching from the rear, especially if the light swung back and forth as the bike was peddled. Consequently, we believe the judge was within his discretion to admit the testimony as to the absence of the bike headlight.
The judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
BLOODWORTH, JONES and EMBRY, JJ., and SIMMONS, Retired Circuit Judge, sitting by designation of the Chief Justice, concur.