352 So.2d 1335 (1977)
James R. GLAZE, Jr.
v.
James TENNYSON et al.
SC 2685.
Supreme Court of Alabama.
December 16, 1977.
*1336 Robert B. Roden for Jones, Arnold & Roden, Birmingham, for appellant.
Edwin A. Strickland, Jefferson County Atty., Gregory T. Bittner, Asst. County Atty., Birmingham, for appellees.
PER CURIAM.
This appeal challenges the admissibility of expert testimony concerning the speed of an automobile immediately prior to a collision. The trial court deemed the proffered evidence competent. The jury found for the defendant County. Plaintiff appeals. We affirm.
On September 11, 1975, James R. Glaze, Jr., plaintiff-appellant, was involved in an automobile accident on Bluff Ridge Road in Jefferson County. Glaze brought suit against James Tennyson, Tom Gloor, and Jefferson County. He contended that the county was negligent in failing to remove gravel from the roadbed after resealing it, or in failing to set up signs or markers to warn travelers of this danger. Tennyson and Gloor were subsequently voluntarily dismissed, leaving the action solely against the county.
In answer to Glaze's complaint, the county raised the defense of contributory negligence. It sought to prove that Glaze was driving at an unsafe rate of speed at the time of the accident, and that this was the proximate cause of his accident.
In support of this defense, the county introduced the testimony of Deputy R. J. Rains of the Jefferson County Sheriff's Department. Although he was not the "investigating officer," Rains was present when the accident was investigated. He viewed the damage to the automobile, checked the condition of its brakes, and the position in which it came to rest. Moreover, he noted the road conditions, the "skid" or "slide" marks left by Glaze's car, the concrete culvert which was struck, and the resulting debris.
After testifying as to his accident investigation experience and training, and other qualifications as an expert, Rains was permitted, over objection, to give his opinion as to the speed of Glaze's vehicle immediately prior to the car's impact with the culvert. Glaze contends that this evidence was erroneously admitted.
The precise line of questioning is relevant to a determination of this issue, viz:
"A. All right. Now Mr. Deputy Rains, did you at the time you were there on September 11, 1975, and on that occasion from the examination of the scene from the examination of the skid marks that you observed coming from the right shoulder of the road across the road to the left shoulder of the road in the ditch area along the ditch up to a point of the culvert and, what you call a culvertthis concrete abutment that you just saw the picture of; do you have and did you form an opinion. . .
"Mr. Roden. You Honor, we object to any opinion because he was not at the scene of the accident and did not see the accident and he is not qualified as a witness.
"The Court. Let him finish his question.
"Q. . . . did you form an opinion as to the relative speed of the automobile that you saw on that occasion up to the point of its impact with the culvert.

*1337 "Mr. Roden. Same objection.
"The Court. Just did you form an opinion.
"Mr. Roden. I object to it.
"The Court. Now, what is the ground of your objection?
"Mr. Roden. I object to the opinion of Deputy Rains as to the speed of the vehicle because he did not see the accident and he could not see the vehicle of the accident prior to the accident. He is not qualified to reconstruct the accident and I respectfully object to any opinion by Deputy Rains.
"The Court. Overruled." [Italics supplied.]
The objection was to the witness' not being "qualified." A trial court's overruling of a specific objection will be affirmed on appeal unless the evidence admitted was subject to such specific objection. Trans-Southern Life v. Johnson, 287 Ala. 620, 254 So.2d 321 (1971). Here, that evidence shows that Rains was indeed properly qualified to testify as an expert. Or, putting it differently, because abundant evidence was presented in support of Rains' credentials, as an "expert," we cannot say that the trial court abused its discretion in admitting such evidence.
Now, on this appeal, Glaze argues that Rains' testimony was inadmissible because it called for his opinion of the speed which Glaze was traveling at the time of the collision based upon his skid marks after the collision with the embankment. We cannot agree.
It has long been the rule in Alabama that an expert, not an eyewitness to a collision, can testify as to the estimated speed of an automobile predicated on the distance the tires skidded or were dragged along before impact, but not the distance the tires skidded after impact. McWhorter v. Clark, 342 So.2d 903 (Ala.1977).
Generally, "impact," in the context of our cases, means "impact" with another moving vehicle. But, it can also mean "impact" with a fixed object.
In the case at bar, Rains was not asked his opinion as to the speed of the car prior to its collision with the embankment, as Glaze argues. Rather, he was asked whether he had an opinion of the speed of the automobile "up to the point of its impact with [the] culvert." Rains' testimony is within the rule of our cases.
The raison d'etre of our cases which permit judgments of speed to be given by experts solely from observations of skid marks before, but not after, an accident is that common knowledge tells us that when moving objects collide, "they may behave in a manner which seemingly defies all the laws of physics." Mobile City Lines v. Alexander, 249 Ala. 107, 30 So.2d 4 (1947). This well-settled rule has been followed in many cases: McWhorter v. Clark, supra; Giles v. Gardner, 287 Ala. 166, 249 So.2d 824 (1971); Holuska v. Moore, 286 Ala. 268, 239 So.2d 192 (1970); Campbell v. Barlow, 274 Ala. 627, 150 So.2d 359 (1962); Jowers v. Dauphin, 273 Ala. 567, 143 So.2d 167 (1962); Baggett v. Allen, 273 Ala. 164, 137 So.2d 37 (1962); Johnson v. Battles, 255 Ala. 624, 52 So.2d 702 (1951); Jackson v. Vaughn, 204 Ala. 543, 86 So. 469 (1920).
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, MADDOX, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
FAULKNER and JONES, JJ., concur specially.
JONES, Justice (concurring specially).
I concur in the result to affirm the judgment below.
The question before us is not whether Deputy Rains is a qualified expert who may give his opinion as to the speed of Glaze's automobile; instead, it is whether even an expert may give his opinion based upon the *1338 information Deputy Rains had before him. This Court has said that an expert, not an eyewitness to the collision, can testify as to the estimated speed of an automobile predicated on the distance the tires skidded along the highway before impact, but not predicated on the distance the tires skidded after impact. McWhorter v. Clark, 342 So.2d 903 (Ala.1977); Maslankowski v. Beam, 288 Ala. 254, 259 So.2d 804 (1972); Rosen v. Lawson, 281 Ala. 351, 202 So.2d 716 (1967); and Jowers v. Dauphin, 273 Ala. 567, 143 So.2d 167 (1962). It is upon this distinction that the Appellant bases his argument.
It is undisputed that the question posed to Deputy Rains included consideration of the scuff or slide marks after initial impact with the embankment. In my opinion, for purposes of admitting expert testimony as to vehicular speed, the distinction, in the requisite predicate, between skid marks prior to impact, and those after impact, is no longer defensible; and, therefore, I would overrule any opinion, or part of any opinion, which relies upon this distinction.
Historically, no witness, who had not personally viewed the collision, could state an opinion as to the speed of a vehicle prior to that collision. Williams v. Roche Undertaking Co., 255 Ala. 56, 49 So.2d 902 (1950). Soon thereafter, the rule developed, as stated above, that an expert could testify to the speed of an automobile based upon skid marks prior to impact. Giles v. Gardner, 287 Ala. 166, 249 So.2d 824 (1971); Jowers, supra; Johnson v. Battles, 255 Ala. 624, 52 So.2d 702 (1951); and Jackson v. Vaughn, 204 Ala. 543, 86 So. 469 (1920). The Court, in these cases, was seeking to expand the rules of evidence to recognize scientific advancements. Maslankowski, 288 Ala. at 265, 259 So.2d 804. See also 24 Ins.Coun.J. 99 (1957). This evolution has continued beyond this plateau, however, and logic and consistency compel a more permissive inclusive rule. Indeed, I perceive no valid argument supportive of the notion that a different rule as to expert testimony should be applicable in automobile accident cases than the rule applicable to expert testimony generally; and I know of no other situation where the law dictates certain objective factors to the exclusion of others that may be considered by a duly qualified expert witness in arriving at his opinion.
The stated reason for not previously extending the rule to post-impact skid marks is that,
"it [is] a matter of common knowledge that when two such moving objects collide. . .they may behave in a manner which seemingly defies all the law of physics." Mobile City Lines, Inc. v. Alexander, 249 Ala. 107, 112-13, 30 So.2d 4, 8 (1947). (Emphasis theirs.)
See also Stanley v. Hayes, 276 Ala. 532, 165 So.2d 84 (1964); and Jowers, supra. This reason is not viable, however, because it is only to the layman that these acts seem to defy logic. In fact, this speaks more clearly for the necessity of expert testimony concerning these situations.
In Maslankowski, we held that an "Accident Reconstruction Consultant" could give his opinion of the speed of a vehicle as discerned from all the circumstances (including tire marks after impact). 288 Ala. at 265-68, 259 So.2d 804. I would depart from the reasoning of that opinion only insofar as it tends to limit the admissibility of such evidence to "Accident Reconstruction Consultants."
It is well settled that where the opinion of an expert witness is elicited, the proper test to determine his qualifications is whether his knowledge of the matter, in relation to which his opinion is sought, is such that it will probably aid the trier of fact in its determination of the truth. Maslankowski, supra; and Woyak v. Konieske, 237 Minn. 213, 54 N.W.2d 649 (1952). The determination of whether the proponent of this evidence has met his burden is addressed to the sound discretion of the trial Court; and its decision on the evidence will not be disturbed absent palpable abuse. Ford Motor Co. v. Rodgers, 337 So.2d 736 *1339 (Ala.1976); Baggett v. Allen, 273 Ala. 164, 137 So.2d 37 (1962); Johnson, supra; and Kirby v. Brooks, 215 Ala. 507, 111 So. 235 (1927).
In the case before us, the trial Court determined that Rains was an expert in this regard. Although the specific question referred only to the skid marks, other factual determinants were before the witness and the jury. For the rule governing the sufficiency of a question propounded, see Lehigh Portland Cement Co. v. Dobbins, 282 Ala. 513, 213 So.2d 246 (1968); and McCormick, Evidence, § 14 (2d Ed. 1972). Because abundant evidence was presented in support of Rains' credentials, it cannot be said that the trial Court abused its discretion by admitting such evidence.
This is not to be understood as saying that I would uphold the admission of any investigating officer's opinion for lack of abuse of discretion. But where, as here, the witness held a degree from Jefferson State College in Applied Sciences, with "police studies," graduated from the police academy and had investigated over 300 wrecks, his formal training and experience in the restructuring of accidents, including the estimation of vehicular speed from the totality of the circumstances, amply qualified him as an expert to express his opinion as to the speed of Glaze's car immediately before the wreck.
Once a determination has been made as to the qualification of a proffered expert witness, and presupposing an appropriate hypothetical question, ordinarily it is not for the trial Court, nor this Court, to limit or specify the facts he may consider in the formulation of his opinion. Indeed, the factors essential to the expression of an opinion by an expert are part of his expertise. See Tit. 7, § 437, Code. Given the exercise of sound judicial discretion in permitting the witness to testify as an expert, and given a hypothetical question supported by the evidence, irregularities concerning inclusions in the foundation of an expert's opinion go merely to the weight of such evidence, not to its admissibility. McCormick, supra. Under these circumstances, the weight to be given the expert's opinion, along with the propriety of the factual premises upon which his opinion is based, are questions of credibility for the trier of fact.
The trial Court did not abuse its discretion in permitting Deputy Rains to give his opinion of the speed of Glaze's automobile prior to the collision. It is unimportant, as I see it, as a matter of law, whether Rains considered the length of skid marks after the initial impact; and this Court, in my opinion, should not engage in the exercise of discerning between initial and subsequent impacts. A properly qualified expert may testify as to the speed of a vehicle, prior to a collision, based upon all the relevant circumstances. See generally 29 A.L. R.3d 248. For this reason, I would affirm.
FAULKNER, J., concurs.