The Court of Criminal Appeals held that Helton had failed to preserve error in the trial court and, therefore, that his claim of error was procedurally barred. I think the Court of Criminal Appeals was absolutely correct. Helton concedes that he raised no objection in the trial court, but excuses his failure to object in the trial court, as follows:
 "Defendant concedes that this issue was not raised by exception or objection at trial but could not have been because the written order was not entered until after the trial was complete. Alabama Rules of Criminal Procedure Rule 16.2 does not require the objection or exception to an adverse final judgment. Appellant submits that a defendant cannot be required to object to the inadequacy of a written order prior to its being written. This would be impossible."
Helton, in my opinion, apparently refers to the provisions of Rule 16.2(d), of the Temporary Rules of Criminal Procedure (Rule 15.2(d), Alabama Rules of Criminal Procedure, effective January 1, 1991), which states that "lack of subject matter jurisdiction or the failure of the charge to state an offense may be raised by the court or by motion of the defendant at any time during the pendency of the proceeding." But as I view it, even if that subsection applies, Helton made no objection during the pendency of the proceeding. In any event, the failure of the trial judge to comply with the requirements ofArmstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975), does not, in my judgment, oust the trial court ofjurisdiction in a probation revocation matter. As a matter of fact, in Armstrong there was a specificobjection made, in the revocation proceeding in the trial court, and the error was preserved for appeal. Here, that is not the case.
Helton argues that "a defendant cannot be required to object to the inadequacy of a written order prior to its being written." He is right, of course, but the Rules of Criminal Procedure do not require that. The Rules do require that a post-trial motion be filed. Temporary Rule 13, "Post-Trial Motions," specifically provides that Helton could have raised any objection he had regarding the sufficiency of the orderafter the order was entered.[1] Of course, a motion filed under the provisions of Temporary Rule 13 would be untimely if not filed within 30 days.
The law of appellate review of questions not decided by trial courts seems clear:
 "It is a fundamental rule of appellate procedure that, regardless of merits of appellant's contentions, appellate courts will not review questions not decided by the trial court. McWhorter v. Clark, 342 So.2d 903
(Ala. 1977). The Supreme Court cannot put a trial court in error for failure to rule on a matter which, according to the record, was not presented to nor decided by it. Defore v. Bourjois, *Page 1381 Inc., 268 Ala. 228, 105 So.2d 846 (1958). This Rule especially applies in a situation where, as here, an abuse of discretion is alleged. In the present case, Bevill has failed to properly preserve any error the trial Court may have committed in the discretionary function required under ARCP 41(a)(2). Bevill appeals from the dismissal order itself, without ever having made a motion to alter, vacate, set aside or reconsider the trial [c]ourt's order."
Bevill v. Owen, 364 So.2d 1201, 1203 (Ala. 1979).
Because I am of the opinion that the failure of the trial court to comply with Armstrong should have been raised by Helton in a motion filed pursuant to the provisions of Temporary Rule 13, I am of the opinion that the Court of Criminal Appeals correctly held that any error in that regard had not been preserved; consequently, I must respectfully dissent from that portion of the majority opinion which holds otherwise.
[1] Temporary Rule 13(a)(2) provides: "A motion for new trial must be filed no later than thirty (30) days after sentence is pronounced."