I concur in that portion of the opinion regarding the defendant's failure to object to questions asked during the deposition. Consequently, I agree that the judgment is due to be reversed and the cause remanded. However, I dissent from that portion of the majority's opinion approving the expert opinion evidence of the state trooper that was allowed by the trial court.
While it is true that a properly qualified expert may testify as to the estimated speed of a vehicle, Glaze v. Tennyson,352 So.2d 1335 (Ala. 1977), it must first be shown that he is in fact qualified as an expert on the subject. Annot., OpinionTestimony as to Speed of Motor Vehicle *Page 986 Based on Skid Marks and Other Facts, 29 A.L.R.3d 248 (1970). Alabama law is settled that law enforcement officers, such as policemen or state troopers, may be considered experts in this area if they meet certain other qualifications. Rosen v.Lawson, 281 Ala. 351, 202 So.2d 716 (1967); Stanley v. Hayes,276 Ala. 532, 165 So.2d 84 (1964). Therefore, the question presently before the court is whether, considering the totality of the circumstances, the state trooper was qualified on the subject of determining speed.
After a review of the applicable law, I am unable to determine that a standard has been established for determining whether a law enforcement officer is qualified to testify as an expert in the area of vehicular speed. See, Glaze v. Tennyson,supra; Rosen v. Lawson, supra; Stanley v. Hayes, supra;Campbell v. Barlow, 274 Ala. 627, 150 So.2d 359 (1962); Jowersv. Dauphin, 273 Ala. 567, 143 So.2d 167 (1962); Johnson v.Battles, 255 Ala. 624, 52 So.2d 702 (1951).
In Glaze v. Tennyson, a deputy of the Jefferson County Sheriff's Department was allowed to testify as an expert as to the speed of the vehicle in question. The majority opinion stated:
 "Here, that evidence shows that [the deputy] was indeed properly qualified to testify as an expert. Or, putting it differently, because abundant evidence was presented in support of [the deputy's] credentials, as an 'expert,' we cannot say that the trial court abused its discretion in admitting such evidence."
352 So.2d at 1337. The majority opinion in that case did not cite the evidence presented; however, in a special concurrence, Justice Jones noted that the deputy "held a degree from Jefferson State College in Applied Sciences, with 'police studies,' graduated from the police academy and had investigated over 300 wrecks," and stated that "his formaltraining and experience in the restructuring of accidents, including the estimation of vehicular speed from the totality of the circumstances, amply qualified him as an expert to express his opinion as to the speed of Glaze's car immediately before the wreck." Glaze, 352 So.2d at 1339. (Emphasis supplied.)
Further, in Stanley v. Hayes, 276 Ala. 532, 539,165 So.2d 84, 89 (1964), this Court stated:
 "Frank Osburn, a witness for plaintiff, testified that he was at the time Assistant Chief of Police of Foley, and had served as police officer for sixteen years. We will not detail the training and experience which the witness testified he had had with respect to investigating automobile accidents, but it suffices to say that the training he stated he had received, together with his experience, was in our opinion ample to qualify him as an expert on the subject of such accidents and details relating thereto, including speed of automobiles involved in collisions as shown by skid marks and kindred physical signs."
(Emphasis supplied.)
However, in Johnson v. Battles, 255 Ala. 624, 52 So.2d 702
(1951), a highway patrolman was not allowed to testify as an expert because the only evidence as to his qualifications was that he had been a member of the highway patrol for five and one-half years and during that time had investigated many automobile accidents.
As noted above, I have not been able to determine exactly what entitles a law enforcement officer to be considered an expert qualified to give opinion testimony concerning the speed of vehicles. Nevertheless, it would appear that just being a law enforcement officer, alone, certainly would not entitle a witness to be considered an expert. Rather, it would appear that the officer would need to have some type of special training and substantial experience in the reconstruction of accidents, where the question of vehicular speed is one requiring opinion evidence. See, Glaze v. Tennyson, supra;Stanley v. Hayes, supra.
I acknowledge that traditionally this determination is left to the sound discretion of the trial court. Baker v.Merry-Go-Round Roller Rink, Inc., 537 So.2d 1 (Ala. 1988). However, in this case, after a review of the state trooper's testimony concerning *Page 987 
his training and experience, I would hold that the trial court abused its discretion in allowing the trooper's opinion testimony. It is my opinion that the state trooper in this case was not qualified as an expert so as to be entitled to give his opinion as to the speed of the vehicle. He lacked the requisite training and experience necessary to qualify him as an expert. In fact, I find that his knowledge concerning the estimation of vehicular speed is extremely limited.
The state trooper's testimony, in part, is as follows:
 "Q Now, Trooper Green, do you consider yourself to be an expert on speeding vehicles?
"A No, sir.
". . . .
 "Q If a car is moving at the rate of sixty miles an hour do you know how many feet a second that that car is covering?
"A No, sir.
 "Q If I told you that that was eighty-eight feet a second, would you disagree with that?
"A I don't know.
"Q Do you know how far eighty-eight feet is?
"A Yes, sir.
 "Q Okay. And if a car — if a car moves at eighty-eight feet a second if it's traveling sixty miles an hour, do you know how long it would take it to traverse, that is, to cover, six hundred feet?
"A No, sir.
"Q Do you have a judgment?
"A Well, say it's kind of down grade.
 "Q You understand how the roadway lays out there from Williams' Small Engine down to in front of Mayes' Grocery, don't you?
"A Yes, sir.
"Q Was that — is that a kind of slight down grade?
"A Yes, sir.
 "Q Do you have a judgment as to how many seconds it would take a car to move from Williams' Small Engine down there to the point of impact?
"A I don't know, sir."
Here, as the majority opinion sets out, the state trooper had been on the job only approximately 10 months prior to the accident and had been driving a trooper car by himself for only several months. He testified that as of the date of the accident he had investigated approximately 100 other accidents; however, except for evidence of a 24-week course that all state troopers are required to take, there is no evidence of any specialized training in the area of accident reconstruction or estimation of vehicular speed.
In view of the short amount of time he had served as a state trooper, his limited experience in investigating accidents, and his lack of any formal training in this area, as well as his complete lack of knowledge concerning the estimation of vehicular speed, I conclude that the state trooper was not qualified to testify as an expert concerning the speed of McKelvy's automobile. This is especially true, where, as here, the trooper himself testified that he did not consider himself an expert on vehicular speed. Therefore, I would hold that the trial court abused its discretion in allowing his testimony.
SHORES and ADAMS, JJ., concur.