165 So. 226

### BARRETT v. McFERREN.

#### 6 Div. 658.

Supreme Court of Alabama.

Jan. 16, 1936.

Wilkinson & Wilkinson, of Birmingham, for appellant.

John W. Altman, of Birmingham, for appellee.

BOULDIN, Justice.

Action for personal injuries received in automobile collision on a public highway.

The main contention on this appeal is that the motion for new trial on the ground that the verdict was excessive should have been granted. The verdict was for $5,000.

The complaint charged simple negligence and wanton injury.

■ Evidence for plaintiff tended to show defendant, while drunk or much under the influence of intoxicants, drove his new Auburn car on the paved highway, Birmingham to Montgomery, at a speed of 60 miles per hour; overtook plaintiff's Chevrolet car, driven by her in the same direction at a speed of some 25 to 30 miles per hour on the right-hand side of the center line; and, without signals of , approach, collided in passing, turned the Chevrolet upside down, inflicting personal injuries on plaintiff.

Evidence for defendant tended to show he was not drunk; was not driving over 40 to 45 miles per hour; that he gave signals of approach; and that the accident was due to plaintiff's car turning to the left over the center line of the road, as defendant was in the act of passing.

The solution of the conflicting versions of the transaction was for the jury. If the jury believed plaintiff's version to be true, a question of wanton injury was presented.

■ The, general verdict must be viewed in the light of the discretion of the jury to impose punitive damages for wanton injury under the evidence and the instructions of the trial court. Indulging the presumptions due to the verdict of the jury, sustained by the trial court, we cannot say the imposition of punitive damages was clearly and palpably wrong and unjust.

■ This court recognizes a duty to review verdicts for excessiveness, even where wanton wrong justified the imposition of punitive damages. The discretion of the jury in such cases is not an unbridled license.

■ But manifestly, in the exercise of a sound discretion, the nature of the wanton act, the importance of preventing the grave results of such wanton conduct, is a matter for the thoughtful consideration of the jury. Some torts, though wantonly committed, can result at most in minor injuries to person or property, but others involve the sacredness and inestimable value of human life. Reckless driving of motorcars on our streets and highways is of this latter class. Common knowledge of the tragic toll of life and limb, swollen to the proportions of a continuous national disaster, may be con-

sidered by the jury in awarding punitive damages in such cases.

By these observations, we must not be understood as encouraging juries to be swept off their feet, to allow passion, rather than calm, sober judgment, to dictate their findings, or the quantum of damages. Nor would we name an arbitrary sum as allowable on review in any class of cases. Each case must stand on its own facts and circumstances.

The argument of appellant is addressed to actual damages as a basis for the amount of the verdict.

Many bruises to shoulders, upper and lower limbs, painful for the time, were shown in evidence. These were temporary and soon disappeared. Intense shock and nervousness at the time also appear. The major injury arose, so far as external evidence disclosed, from a contusion on the lower regions of the spinal column. It appears this showed black or bloodshot, and caused intense suffering following the accident, and was treated for several hours with ice packs while in the hospital. Plaintiff claims persistent pains in the back, nervousness, loss of sleep, and disability to perform her labors, continuing down to the trial, some two years after the accident.

X-rays, according to professional testimony, showed no fracture of the bony structure, or dislocation, which could be considered objective evidence of a cause for suffering, &c.

Her family physician, after treating her on the basis of the history of the case and her complaints for about a year, sent her to a specialist, who twice made an examination. His opinion was that at the time of his examination there appeared sacroiliac arthritis (inflammation of the hipjoints) and some curvature of the spine. The arthritis he considered to have been present for some time, whether back to the date of the injury he could give no opinion. He was of opinion that these conditions might have grown out of the injury. The presence of arthritis was questioned by another physician, making examination on request of the court.

We are not impressed that a solution of the question before us turns on the finding of any specific ailment or the causal connection of the accident therewith.

Suffice to say, on consideration of all the professional testimony, in connection with that of plaintiff, viewed in the light of her interest in the case, a finding by the jury that this injury did impair the parts, or their functioning, in such manner as to cause pain and suffering down to the trial, with probability of continuance into the indefinite future, should not be disturbed.

It follows the verdict, responding to both inquiries of actual injury and wanton wrong, cannot be said, after allowing all due presumptions, to be plainly and palpably wrong, because grossly excessive.

Affirmed.

GARDNER, BROWN, and FOSTER, JJ., concur.