252 So.2d 325

**Bonnie GLADWELL**

v.

**Gary SCARBROUGH.**

1 Div. 45.

Court of Civil Appeals of Alabama.

Aug. 4, 1971.

Rehearing Denied Sept. 8, 1971.

John M. Coxwell and Nicholas S. Hare, Jr., Monroeville, for appellant.

**210**

Windell C. Owens, Monroeville, for appellee.

BRADLEY, Judge.

Bonnie Gladwell, appellant, filed suit against Gary Scarbrough, appellee, in the Circuit Court of Monroe County on September 29, 1969, alleging, in a two-count complaint, that she had been injured as a result of a collision between the automobiles driven by her husband and the appellee.

Count one of the complaint sounded in simple negligence and count two alleged wantonness.

Appellee's demurrer to the complaint was overruled, and the general issue in short by consent was pleaded.

Trial commenced before the court and a jury. At the conclusion of appellant's case, appellee moved to exclude appellant's evidence, but said motion was denied. Thereupon, appellee rested his case without putting on any evidence.

The appellee asked the court, in writing, to give the general affirmative charge without hypothesis as to count two—the wantonness count—which it did.

The case went to the jury on count one, the simple negligence count, and there was a verdict for the appellee. The motion for new trial was overruled, and the appeal was from the judgment on the merits and the judgment overruling the motion for new trial.

The one issue presented to us for review is whether or not the trial court erred in giving the general affirmative charge without hypothesis as to count two, the wantonness count.

The evidence reveals that on the night of August 16, 1968, appellant was riding as a passenger in an automobile driven by her husband. The automobile was traveling in a northerly direction on State Highway 21. At a point on said highway about 2.2 miles south of Frisco City, Alabama there was a collision between appellant's car and one occupied by the appellee.

Appellant's car was traveling in the opposite direction from appellee's.

There was testimony from appellant and her husband that appellee's car had only one headlight.

There was also testimony from the investigating State Trooper that the point of impact was about 10-12 inches across what was the imaginary center line of the highway on appellant's side of said roadway. Highway 21 had been recently resurfaced, and no center line had been marked.

The State Trooper gave testimony about the accident scene and related that the left front tire on appellee's car had blown out, causing his vehicle to stray slightly into

the northbound lane. He also stated that after the collision, appellee's vehicle traveled 260 feet before coming to rest. The Trooper also stated that some time prior to the collision, he had given appellee a warning ticket because only one headlight on his car was shining.

There was no evidence placing appellee in the driver's seat of his car at the time of the collision. However, there was evidence tending to show that appellee and another young man were in appellee's car at the time of the collision.

The only evidence as to the speed of appellee's car was appellant's husband's statement that the other car was traveling "pretty fast."

The Supreme Court in Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505, defined wantonness as:

" * * * the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury. [Citations omitted.]"

 Appellant says that if there was a scintilla of evidence of appellee's wantonness, then it was error for the court to take the wantonness count from the jury's consideration.

It is well understood that Alabama still adheres to the scintilla rule, and appellant is correct in her assessment of the trial court's action if the evidence concerning wantonness amounts to a scintilla.

 Appellant also says that the jury's verdict finding appellee not guilty on the simple negligence count does not preclude a finding against appellee on a wanton count.

The Supreme Court in Ex parte McNeil, 184 Ala. 420, 63 So. 992, confirmed this contention by pointing out the fundamental differences of the two torts:

"Simple negligence is the *inadvertent* omission of duty; wanton or willful misconduct is characterized as such by the state of mind with which the act or omission is done or omitted. The conceptions are essentially distinct, for an act or omission may be simple negligence, or wanton or willful wrong, according to the presence or absence of the mental state of the person who did or omitted to do that which duty required in the premises."

Also see Coleman v. Hamilton Storage Co., 235 Ala. 553, 180 So. 553.

The point of decision here, as below, is whether or not there was sufficient evidence of wantonness on the part of appellee to satisfy the scintilla rule.

In assessing the sufficiency of the evidence, we are mindful of the following from Rosen v. Lawson, 281 Ala. 351, 202 So.2d 716:

" * * * in considering the sufficiency of the evidence of wantonness to be submitted to the jury, this court must accept the adduced evidence most favorable to the plaintiff as true, and indulge such reasonable inferences as the jury was free to draw from the evidence. [Citations omitted.] Where from the evidence a reasonable inference may be drawn adverse to the party requesting the affirmative charge, the charge is properly refused. [Citation omitted.]"

The evidence shows there was an almost head-on collision in the approximate center of the highway by two vehicles going in opposite directions. The highway at the point of impact had been recently resurfaced and there was no marking of the center line of the highway. Nevertheless there was testimony by the investigating Trooper that the point of impact was 10-12 inches across the approximate center line of

the highway in the north-bound lane—the lane the appellant's car was occupying.

There was testimony that the car involved in the collision with appellant's only had one headlight shining, and there was evidence that earlier in that same evening appellee had been given a warning ticket for having only one headlight shining from his vehicle.

Appellant's husband stated that the vehicle involved in the collision with him was traveling "pretty fast" just before the impact. There was no other evidence of speed except the distance appellee's vehicle traveled after the impact, which was 260 feet.

■ There was no evidence placing appellee in the driver's seat of his vehicle at the time of the collision; and there was evidence that there was another young man in appellee's vehicle at the time of the collision. However, in a situation where the owner of the vehicle is also in the vehicle at the time of the collision, the presumption is that the vehicle was under the owner's control or that it was being operated by him and the burden of rebutting such presumption rests on the owner. Stanley v. Hayes, 276 Ala. 532, 165 So.2d 84.

In the instant case there was no effort to rebut this presumption.

There was undisputed evidence that the left front tire on appellee's car blew out just prior to the accident. A reasonable inference from this occurrence could be that this caused appellee's vehicle to stray a few inches across the imaginary center of the roadway, resulting in the collision.

However, it is also undisputed that appellee's vehicle was partially on appellant's side of the highway when the collision occurred, and it is a misdemeanor in Alabama to drive on the wrong side of the road. See Title 36, Section 9, Code of Alabama 1940, as Recompiled 1958.

■ Yet, the rule in Alabama is that driving on the wrong side of the road at night is but simple negligence and is not wanton conduct unless the person is on the wrong side overtly and with knowledge of the peril he is placing the person injured in and fails to act so as to avert the injury to the party actually injured. Curlette v. State, 25 Ala.App. 179, 142 So. 775; and Smith v. Central of Georgia R. Co., 165 Ala. 407, 51 So. 792.

It has also been held that it is possible for the driver of an automobile to unconsciously cross the actual imaginary center of a highway where the center is not marked, in the exercise of due care, while trying to judge where the center line of the highway was located. Luquire Insurance Co. v. McCalla, 244 Ala. 479, 13 So. 2d 865.

It is also undisputed that appellee's vehicle had only one headlight shining at the time of collision, and that appellee's vehicle traveled for a distance of 260 feet after impact. Furthermore, the roadway at the point of impact was unmarked, having recently been resurfaced.

It could be reasonably inferred that the distance—260 feet—traveled by appellee's vehicle after impact was the result of high or excessive speed. It could also be reasonably inferred that a person driving a motor vehicle at night on an unmarked roadway at a rate of speed that could be termed excessive, with only one headlight burning, did so consciously and with knowledge that injury would likely or probably result.

Whether the collision between appellee's car and the car in which appellant was a passenger was the result of this knowledge on the part of appellee or not would be a question for the jury.

■ We believe the evidence sufficient to permit a reasonable inference to be drawn therefrom adverse to the appellee, and the granting of the affirmative charge without hypothesis as to count two of the complaint was reversible error.

**213**

For this error, the case is reversed and remanded for a new trial on count two of the complaint.

Reversed and remanded with directions.

## ON REHEARING

Appellant, in her application for rehearing, asks that we modify our judgment so as to permit a retrial of the case below, including the negligence count.

Again, we would point out that only the ruling of the trial court on the wantonness count was questioned in this court.

No review was invoked as to the negligence count. There had been a trial and verdict by the jury on the negligence count, and we must assume that the parties were satisfied with the trial and verdict on this count for there were no errors assigned in this court relating to that part of the case.

The only issue before us was the refusal to permit the wantonness count and the evidence in support thereof to go to the jury. We decided that the trial court erred in not permitting this to be done.

The case was remanded for retrial only as to the wantonness count.

■ We can consider only those rulings of the trial court assigned as error. Pruitt v. U. S. Fidelity and Guaranty Co., 280 Ala. 570, 196 So.2d 688. This we have done.

■ Furthermore, we consider appellant's request for a remand for a trial *de novo* to be in effect a request for a determination of the negligence issue on rehearing when no assignment of error was made relating to the negligence issue on the original appeal.

It is settled that new issues cannot be raised for the first time on application for rehearing. Kirkland v. Kirkland, 281 Ala. 42, 198 So.2d 771.

Furthermore, we are satisfied that no good purpose would be served by a complete retrial of this case.

Our directions for the retrial of this matter remain unchanged.

Opinion extended.

Application for rehearing overruled.