311 So.2d 320

**Glendora Lee JAMES**

v.

**Virgil Lee SELLERS.**

Civ. 489.

Court of Civil Appeals of Alabama.

April 2, 1975.

Cassady & Fuller, Enterprise, for appellant.

Buntin & Cobb, Dothan, for appellee.

BRADLEY, Judge.

Plaintiff below brought an action for personal injury by a two-count complaint. Count One alleged simple negligence and Count Two was for willful and wanton conduct.

Trial was had on June 21, 1974 in the Circuit Court of Coffee County, Alabama, Enterprise Division. At the conclusion of all the evidence the court granted a directed verdict as to Count Two, the wanton count, as requested by the defendant.

The case went to the jury on Count One, the simple negligence count. The finding by the jury was for the defendant-appellee. A motion for new trial was heard by the court and overruled. This appeal followed.

The one issue presented for review is whether or not the trial court erred in granting the directed verdict as to the wanton count and thereby not allowing the jury to consider the case on both counts.

The evidence reveals that on March 10, 1974 Mrs. Glendora Lee James, appellant, was traveling on the U. S. 84 Bypass around Enterprise, Alabama. She was in a 1968 Chevrolet and was driving approximately fifteen miles per hour. She was traveling toward Daleville, Alabama and was going to meet her husband for lunch. As she was in the process of making a left turn off U. S. 84, there was a collision with another car, driven by Mr. Virgil Lee Sellers, appellee.

Mr. Sellers was traveling in the same direction and attempting to pass appellant at the time of impact. He did not sound his horn prior to this maneuver.

There was testimony by appellant that prior to making the turn she turned on her left turn signal and that it was working properly. Appellant also stated that she had looked through her rearview mirror and had not seen the appellee's automobile.

Appellee testified that he had followed appellant for some one-half mile before the collision.

The appellant was attempting to make a left turn onto Coppinsville Road. This road intersects U. S. 84 but does not go across it. Daleville Road also intersects

U. S. 84 on the right but does not continue across it. And between the Coppinsville Road and Daleville Road intersections a railroad track crosses U. S. 84.

Appellee testified that he was a student at George C. Wallace Junior College in Napier Field, Alabama. At the time of the accident appellee and his friend had taken some keys to Enterprise, Alabama, and were on their way back to school. He stated the speed of the automobiles to be between twenty-five and thirty-five miles per hour. He said as both vehicles slowed down to cross the railroad tracks he started to go around appellant's automobile on its left side. Appellee testified, however, that he did not begin the passing maneuver until he had left the no-passing zone.

Appellant was driving a 1968 Chevrolet station wagon and was damaged on the left front fender. Appellee was driving a Volkswagen Beetle and was damaged on the right front fender.

■ Appellant contends that if there was a scintilla of evidence of wantonness on the part of the appellee, the trial court erred by not allowing the jury to decide the question.

The supreme court in Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505, defined wantonness as:

". . . [T]he conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury. [Citations omitted.]"

It is well settled that Alabama is one of the few states that still adheres to the scintilla rule. Gladwell v. Scarbrough, 47 Ala.App. 208, 252 So.2d 325 and Rule 50(e), Alabama Rules of Civil Procedure. Appellant is correct in her contentions as to the effect of the trial court's action if the evidence concerning wantonness amounts to a scintilla.

■ It is also well settled that a finding for appellee on the negligence count does not preclude a finding for appellant on the wanton count. The supreme court in Ex parte McNeil, 184 Ala. 420, 63 So. 992, confirmed this by pointing out the difference between wanton and negligent conduct. See also Coleman v. Hamilton Storage Co., 235 Ala. 553, 180 So. 553.

■ The question for decision then is whether there is a scintilla of evidence showing that appellee wantonly caused the collision between his vehicle and the vehicle driven by appellant.

To aid us in making this decision, the supreme court in Rosen v. Lawson, 281 Ala. 351, 202 So.2d 716, prescribed certain rules to be followed. It said:

". . . [I]n considering the sufficiency of the evidence of wantonness to be submitted to the jury, this court must accept the adduced evidence most favorable to the plaintiff as true, and indulge such reasonable inferences as the jury was free to draw from the evidence. [Citations omitted.] Where from the evidence a reasonable inference may be drawn adverse to the party requesting the affirmative charge, the charge is properly refused. [Citation omitted.]"

Reviewing the evidence in the light most favorable to the appellant, we see that the collision between her car and the one driven by appellee occurred on U. S. 84 as she was making a left turn onto Coppinsville Road after having given a left turn signal for some one hundred feet prior to commencing the turn. And, appellee, knowing that appellant was going to make a left turn onto the road, for he testified that he had been following appellant's vehicle for about one-half mile prior to the collision, nevertheless commenced to pass appellant's

car as they approached this highway intersection.

Accepting this evidence as true, as we must, we believe the jury could have inferred that appellee saw the turn signal and attempted to pass appellant's vehicle despite the knowledge that if she persisted in turning, a collision would occur with attendant injuries and property damage.

Such an inference as this is adverse to the interests of appellee, the party who requested the directed verdict as to the wantonness count. The inference being adverse to appellee's interests, the trial court was precluded from withdrawing the wantonness count from the jury's consideration. Of course whether appellee consciously passed appellant's car with the knowledge that in doing so injury would probably result is a question for the jury. Rosen v. Lawson, *supra*; Barrett v. McFerren, 231 Ala. 382, 165 So. 226.

The evidence is sufficient to permit a reasonable inference to be drawn adverse to the appellee, and the granting of the directed verdict as to Count Two of the complaint was reversible error.

The judgment appealed from is reversed and the cause remanded for a new trial on Count Two of the complaint.

Reversed and remanded with directions.

WRIGHT, P. J., and HOLMES, J., concur.