This is an appeal from the Mobile County Circuit Court from a jury verdict awarding damages to the appellees for personal injuries sustained in an automobile collision with appellant.
The appellant argues that the trial court erred in: (1) allowing the reading of a *Page 95 
deposition taken out of state before a court reporter and Alabama notary public for the state-at-large; (2) refusing to admit into evidence certain admissions made by appellee, Jerry A. Brantley; (3) incorrectly instructing the jury on the theory of subsequent negligence; and (4) allowing the jury to consider the wantonness count.
Finding that the trial court did not commit reversible error, we affirm.
The case arose as follows: Barbara Brantley (Brantley) brought an action for damages against Evelyn Treadway (Treadway) and her husband Louis Treadway for personal injuries sustained in an automobile collision. The complaint included a count on behalf of her husband, Jerry Brantley, for loss of society and consortium. Louis Treadway was subsequently removed from the action as a party by summary judgment. A suit was instituted by Treadway and her minor daughter against Brantley for personal injuries occurring in the same collision. A count for loss of society and consortium by Mr. Treadway was included. The cases were consolidated for trial.
The Brantleys' action was presented to the jury on separate counts alleging simple negligence and wantonness. The jury returned a verdict in favor of Mrs. Brantley in the amount of $25,000.00 and for Mr. Brantley in the amount of $10,000.00. Verdicts in favor of Brantley were returned in the Treadways' action against her.
Treadway appeals from the award of damages against her. No appeal was taken from the judgment in the Treadways' suit against Brantley.
The collision occurred on July 9, 1977, at Padgett Switch Road in Mobile, Alabama. Mrs. Brantley had left her home in Grand Bay, Alabama, to play golf in Mobile. She was alone in her car traveling behind a car in which her husband and son were passengers.
Brantley testified that she first saw Treadway's car proceeding toward her after rounding a curve into a straightaway. The two cars were between 150 and 200 feet apart and were both traveling about 40 miles per hour. About one-third of Treadway's car was on Brantley's side of the road. Brantley swerved to her right to avoid a collision and went onto the shoulder of the road, which was about a six-inch drop-off from the pavement. Brantley lost control of the car. As she tried to get back on the pavement, her car crossed the center line and struck the appellant's car which had returned to its proper lane of travel.
Treadway testified that Brantley's car was over the center line when she first noticed it. There were two other cars on the road; both were in Brantley's lane of travel. Brantley's car returned to its lane of travel and traffic proceeded normally until Brantley's car suddenly began spinning in the middle of the road. Treadway could not avoid the collision.
The evidence is undisputed that following the collision the Brantley car was sitting in the middle of the road about half way across the center line. Treadway's car was in the proper lane closer to the right edge of the road than to the center line. The cars were about six feet apart. Brantley's car sustained damage to the front end while the Treadway car had damage to the left front fender.
Brantley suffered a broken neck, broken shoulder and other injuries. Treadway and her daughter were also injured in the accident.
Treadway argues that it was error to allow the deposition of Brantley's treating physician, Dr. Daniel Enger, to be read at trial. Among other things, Dr. Enger testified to his treatment of Brantley and to the reasonableness of his charges and other medical expenses she incurred. The deposition was taken two days prior to trial in Pascagoula, Mississippi, where Dr. Enger maintains his practice. The deposition was recorded by a court reporter who was also an Alabama notary public for the state-at-large and who administered the oath to Dr. Enger.
Treadway urges that the trial court should not have allowed the reading of the deposition at trial because the oath was not administered by a person empowered to *Page 96 
give oaths by the state of Mississippi and the deposition amounts to unsworn testimony. She raised no objection before or at the time of the taking of the deposition, but raised her objection for the first time at trial.
Rule 28 (a) Alabama Rules of Civil Procedure, states:
 The depositions provided for herein shall be taken before an officer authorized to administer oaths by the laws of the United States, or of the state of Alabama, or of the state or other place where the examination is held, or before a person appointed by the court in which the action is pending. A person so appointed has the power to administer oaths and take testimony.
The main purpose of this rule is to identify persons before whom a deposition may be taken and is part of the series of rules establishing the procedure for taking depositions. The rule itself does not empower or disqualify any person or group from taking depositions. It serves only to identify those persons before whom a deposition may be taken.
The witness was put under oath and sworn to tell the truth by an officer authorized to administer oaths under the laws of this state. Code 1975, § 36-20-30. The testimony was taken for use in an Alabama proceeding.
Whether testimony given in a deposition taken outside this state before a person authorized to administer oaths in Alabama is admissible in a proceeding in this state is an issue of first impression in this state. It is not necessary for us to decide this issue in reaching the result that we do, and, therefore, we decline to do so.
We find that the appellant's objection to the qualifications of the officer to administer oaths was not timely made. The appellant waived any objection she may have had to the qualifications of the officer by not interposing the objection at or prior to the time of the taking of the deposition.
We find authority for our holding in Rule 32 (d)(2), Alabama Rules of Civil Procedure, which states:
 Objection to taking a deposition because of disqualification of the officer before whom it is to be taken is waived unless made before the taking of the deposition begins or as soon thereafter as the disqualification becomes known or could be discovered with reasonable diligence.
The rule contemplates objecting to the qualifications of the officer prior to the time for taking the deposition. Allowing the appellant to raise the objection for the first time at trial, after putting the appellee to the expense necessarily incurred in taking the deposition, is inconsistent with the mandate of A.R.C.P. Rule 1 (c), that these rules are to be construed to secure the just, speedy and inexpensive determination of every action. We hold that objections to the qualifications of the officer before whom a deposition is to be taken must be raised prior to assembling for the deposition if the grounds for disqualification are known or could reasonably have been discovered prior to that time. See Lee v. Kimura,2 Haw. App. 538, 634 P.2d 1043 (1981); Wright and Miller, FederalPractice and Procedure: Civil 2156 (1975).
Treadway next assigns as error the refusal of the trial court to admit into evidence certain statements of Brantley's husband, made while completing the accident report form required by the Director of Public Safety.
Code 1975, § 32-7-12, states:
 Neither the report required by section 32-7-5, the action taken by the director pursuant to this chapter, the findings, if any, of the director upon which such action is based nor the security filed as provided in this chapter shall be referred to in any way, nor be evidence of the negligence or due care of either party, at the trial of any actions to recover damages.
The purpose of the report required by § 32-7-5 is to enable the Director of Public Safety to determine the financial *Page 97 
responsibility of the operator of every motor vehicle involved in an accident in this state. Mooradian v. Canal Insurance Co.,272 Ala. 373, 130 So.2d 915 (1961). The plain language of the statute makes it clear that this report is not to be used for any other purpose. The trial court committed no error in refusing to allow these statements into evidence. Allowing the admission of the substance of such a report would thwart the public policy behind the Alabama Safety Responsibility Act.
Treadway next assigns as error the charge of the trial court as to subsequent negligence. She argues that the trial court failed to adequately apprise the jury of the elements necessary to invoke the doctrine of subsequent negligence.
The elements of subsequent negligence are: (1) that the plaintiff was in a perilous position, (2) of which the defendant had actual knowledge, (3) that armed with such knowledge the defendant failed to use reasonable and ordinary care in avoiding the accident, (4) that the use of reasonable and ordinary care would have avoided the accident, and (5) that the plaintiff was injured as a result. Scotch Lumber Co. v.Baugh, 288 Ala. 34, 256 So.2d 869 (1972); Brooks v. Cox,285 Ala. 267, 231 So.2d 302 (1970).
The trial court's charge to the jury adequately discussed each of these elements. In determining the propriety of a charge, we consider it as a whole, and if it states the law correctly, there is no error. Hughes v. Southern Haulers, Inc.,379 So.2d 601 (Ala.Civ.App. 1980); Wren v. Blackburn, 293 Ala. 393, 304 So.2d 187 (1974). We find that the trial court correctly charged the jury as to the law of subsequent negligence.
Treadway's final argument is that it was error for the wantonness count to be submitted to the jury.
This court has defined wantonness as follows:
 Wantonness is the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result.
Sparks v. Milligan, 295 Ala. 358, 330 So.2d 417 (1976); GriffinLumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505 (1946).
We cannot say from a review of the record that the trial court erred in submitting the wantonness count to the jury. Viewing the evidence in the light most favorable to the appellee, the jury could have found that the appellant crossed over into the appellee's lane of travel with knowledge that the appellee was approaching and with knowledge of the condition of the road. It could reasonably be inferred that the actions of the appellant were done consciously and with knowledge that injury would likely or probably result. Gladwell v. Scarbrough,47 Ala. App. 208, 252 So.2d 325 (1971).
The jury could have concluded from the evidence that Treadway created an emergency and was aware of the peril to Brantley, but failed to exercise reasonable care to avoid the collision.Riddle v. Franklin, 291 Ala. 671, 286 So.2d 841 (1973).
The case was submitted to the jury on a count of simple negligence, in which the doctrine of subsequent negligence was argued, and on a count of wantonness. The jury returned a general verdict in favor of Brantley without reference to either count. There was ample evidence on which the jury could have concluded that Treadway's negligence or wantonness was the sole proximate cause of the injury to appellee.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur. *Page 98