BEATTY, Justice.
This is an appeal from a judgment for defendant based upon a jury verdict in plaintiff’s action to recover damages for personal injuries. We affirm.
Plaintiff Christopher Senn, a minor suing by his mother as next friend, was a pedestrian upon Charles Street in the city of Opp when he was struck by a motor vehicle being driven by the defendant, Letha M. Craig. Christopher, 10 years old at the time, had purchased some ice cream, a snow cone, from a vendor whose truck was stopped across the street from his house. After his purchase, Christopher, who was intent upon removing the wrapper from the cone, proceeded to run across the street from behind the truck, and Mrs. Craig’s vehicle struck him. Apparently the area of the street at which the accident occurred was not a “crosswalk.”
Plaintiff alleged negligence on the part of Mrs. Craig. Mrs. Craig, in turn, alleged contributory negligence.
The only question presented for review pertains to the trial court’s instructions to the jury. Plaintiff contends that the trial court erred by instructing the jury on the rules of the road governing pedestrians without qualifying the rules with regard to the age of the plaintiff.
This Court has examined the entire charge. It contains definitions and explanations of negligence, contributory negligence, and proximate cause. On the aspect complained of, the trial court also charged this:
“Now, it was mentioned in the argument of one of the attorneys about the age of the person in relation to the question of contributory negligence and I want to read to you the Alabama Pattern Jury Instruction Number 30.07 relative to the age of the Plaintiff in a case such as this and the question of contributory negligence. It reads as follows: ‘A child between seven and fourteen years of age. A child between the ages of seven and. fourteen years is presumed to be wanting in that degree of care, judgment, discretion and sensitiveness to danger which belongs to the average child who is fourteen years of age and therefore presumed to be incapable of committing contributory negligence.’ This presumption is rebuttable and if you are reasonably satisfied from the evidence that the Plaintiff was between the ages of seven and fourteen years and did at the time of the occasion complained of, possess that degree of care, judgment, discretion and sensitiveness to danger belonging to the average child of fourteen years of age, then you would consider and determine whether or not he was guilty of contributory negligence. [Emphasis added.]
“Now our Legislature has passed certain laws relative to the operation of automobiles upon the highways of this state and related questions regarding traffic. They are commonly referred to as the rules of the road. Now our Courts have said that a violation of one of the rules of the road gives rise to a prima facie presumption of negligence on the part of that person who violates the rule of the road. I have been requested in this case to read to you one of these rules of the road. You should not infer from my reading that rule of the road that the Court is in any way telling you to find that a rule of the road was violated and that the violator is guilty of negligence. That would be a question of fact for you to determine first of all whether or not anybody violated that rule of the road and then secondly, whether or not *700 that violation is negligent or whether the presumption of prima facie negligence has [been] overcome by other competent legal evidence. And the rule of the road that I am going to read to you is Section 32-5A-212(a) of the Code of Alabama as last amended and it reads as follows: ‘(a) Every pedestrian crossing the roadway at any point, other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the highway.’ ”
The trial court added:
“Now after you have arrived at your verdict and you find from the evidence— if you find from the evidence that the Defendant was guilty of negligence on the occasion complained of and the Plaintiff was free of contributory negligence or was incapable of contributory negligence, then you must go further and assess damages for the Plaintiff against the Defendant.” (Emphasis added.)
At the conclusion of the trial court’s oral charge, plaintiff’s counsel objected:
“The Plaintiff respectfully excepts to the Court’s oral charge on contributory negligence in that the charge is apropos or applicable to a person over fourteen years of age and there was no distinction made between that charge of contributory negligence and the one that you are bound by which is between the seven and fourteen age, it being undisputed that this Plaintiff was at the time of this injury only ten years of age. And we submit to the Court that I don’t think you can charge anything on contributory negligence except within the bracket of a seven-fourteen age span.”
Respectfully, we do not believe the trial court’s oral charge was erroneous as plaintiff contends. To the contrary, each aspect of the charge was a correct statement of the law. There was some evidence in the record establishing the inference that Christopher’s capacity was that of an average or typical 14-year-old child. Moreover, Christopher himself testified as a witness, and thus his capacity was observed by the jury. The trial court’s oral charge referred expressly to the presumption of incapacity of contributory negligence, to its rebutta-bility, and the effect thereof. The charge as a whole stated the law correctly. Treadway v. Brantley, 437 So.2d 93 (Ala.1983). It follows that the judgment of the trial court must be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.