RICHARD L. HOLMES, Retired Appellate Judge.
Riena Dickens (homeowner), Martha Dickens (the homeowner’s daughter), and Alfa Mutual Insurance Company (Alfa) filed a complaint against AmeriGas Propane, Inc. (AmeriGas).
The complaint alleged the following: Am-eriGas filled a propane gas tank at the homeowner’s house while a gas connection for a heater in the house was disconnected and uncapped. The gas connection for the heater had been negligently or wantonly disconnected and left uncapped by AmeriGas. As a proximate result of the actions of AmeriGas, the homeowner’s house burned. The homeowner, who was present inside the house when the fire began, suffered physical injuries, and her house and its contents were completely destroyed by the fire. The homeowner’s daughter, who also resided in the house, lost her personal property as a result *1021 of the fire. Alfa insured the house and its contents on the date of the fire and paid the property damage claim.
AmeriGas filed an answer and asserted contributory negligence as one of its defenses.
After a non-jury trial, the trial court found in favor of the homeowner and entered a judgment in her favor in the amount of $40,-000, of which $20,000 was payable to Alfa under its subrogation rights.
AmeriGas appeals. This case is before this court pursuant to AJa.Code 1975, § 12-2-7(6).
AmeriGas contends that the trial court committed reversible error when it entered a judgment in favor of the homeowner because the trial court found that the homeowner and the homeowner’s daughter were guilty of contributory negligence. The homeowner contends that AmeriGas was guilty of subsequent negligence. AmeriGas contends that it was not guilty of subsequent negligence because the employee who delivered the gas to the homeowner on September 30, 1992, did not have actual knowledge of the uncapped gas line.
We would note that the elements of subsequent negligence are:
“(1) that the plaintiff was in a perilous position, (2) of which the defendant had actual knowledge, (3) that armed with such knowledge the defendant failed to use reasonable and ordinary care in avoiding the accident, (4) that the use of reasonable and ordinary care would have avoided the accident, and (5) that the plaintiff was injured as a result.”
Treadway v. Brantley, 437 So.2d 93, 97 (Ala.1983).
We would note that in a non-jury case, the trial judge is the finder of fact and that a presumption of correctness attaches to his findings and to the judgment based on these findings. Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala.1985). The resulting judgment will not be disturbed on appeal unless it is manifestly unjust, palpably wrong, or without supporting evidence. Clardy, 477 So.2d 350.
We have reviewed the record on appeal. Suffice it to say that there was conflicting evidence presented in this case. However, it was the responsibility of the trial judge to listen to the evidence presented ore tenus, to resolve the conflicts in this evidence, and to enter a judgment. Johnson v. Johnson, 597 So.2d 699 (Ala.Civ.App.1991).
Our review of the record reveals the following pertinent facts: An employee of Am-eriGas delivered LP gas to the propane tank located at the homeowner’s house on September 30, 1992. This delivery was made in response to a request by another of the homeowner’s daughters, Merle McIntyre.
Shortly after the gas delivery on September 30,1992, the house burned. The investigation revealed that the cause of the fire was the ignition of gas leaking from an uncapped gas line located in one of the bathrooms.
There was conflicting evidence regarding who had actually disconnected the gas heater in the bathroom and left the gas outlet uncapped — an employee of AmeriGas or workmen hired by the homeowner and the homeowner’s daughter to replace the flooring in the bathroom. The trial court appears to have determined that it was an employee of AmeriGas who disconnected the gas heater in the bathroom and left the gas outlet uncapped and that the workmen merely moved the disconnected heater when replacing the flooring in the bathroom. As indicated, there is evidence to support this determination by the trial court.
There was also conflicting testimony concerning whether the homeowner’s daughter was aware that the gas outlet in the bathroom was uncapped. Even though it appears that the trial court determined that the homeowner’s daughter had knowledge of the uncapped gas outlet, the trial court obviously also determined that AmeriGas was guilty of subsequent negligence because one of its employees had disconnected the gas heater in the bathroom and left the gas outlet uncapped. It is undisputed that the AmeriGas employee who made the gas delivery on September 30, 1992, failed to examine the gas outlets to determine whether any outlets were uncapped, even though an AmeriGas *1022 employee had previously disconnected the gas heater in the bathroom and left the gas outlet uncapped.
Further, it was undisputed that the homeowner’s only use of LP gas was to heat her home during cold weather and that there had been no gas in the system for several months. We would note that prior to September 1992, a gas delivery was made to the homeowner’s house in December 1991.
George Burk, a representative of Ameri-Gas, testified at trial. Burk admitted that since gas was being reintroduced to an empty system, it was the responsibility of the employee who delivered the gas to the homeowner’s house to examine the gas outlets in the home to make sure that there were not any unused outlets which were uncapped. As noted above, it is undisputed that the AmeriGas employee failed to examine the gas outlets when he made the gas delivery on September 30, 1992.
In light of the above, the trial court did not err in concluding that the failure of the Am-eriGas employee to inspect the gas outlets located in the house prior to filling the propane tank was subsequent negligence on the part of AmeriGas, which had actual knowledge of the uncapped gas outlet. Treadway, 437 So.2d 93. Consequently, we affirm the judgment of the trial court.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the Judges concur.