RICHARD L. JONES, Retired Justice.
Satoria Jefferson was injured when she was struck by a Heilig-Meyers Furniture Company delivery truck being driven by Ewanta Fleming. Satoria and her mother, Teri Jefferson, sued Fleming, alleging negligence and wantonness, and Heilig-Meyers, alleging negligent entrustment of a vehicle to Fleming. The jury returned a verdict for the defendants, and the plaintiffs appeal. We reverse and remand.
The eyewitnesses to the accident testified that, on August 22, 1992, then seven-year-old Satoria Jefferson rode her bicycle into the street and into the path of the approaching Heilig-Meyers delivery truck being driven by Fleming. The testimony revealed that Satoria rode her bicycle from a parking lot and over a curb to the left of the truck and into the street. Parked vehicles along the street, to the right of the truck, required Fleming and the driver of the car behind him to drive over the center fine of the street.
A fence, a tree, and a utility pole between the parking lot and the street blocked Fleming’s view of Satoria until she was actually in the path of oncoming traffic — less than 10 feet in front of the Heilig-Meyers truck. Another Heilig-Meyers employee in the truck with Fleming testified that he saw Satoria get on her bicycle and ride across the yard and into the street.
*872 The witnesses consistently testified that Fleming was driving between 20 and 25 miles per hour and that, upon seeing Satoria, he immediately applied his brakes and tried to avoid hitting her. The investigating police officer testified that there was no driveway in the area where Satoria entered the street on her bicycle. The officer also stated that Fleming’s vehicle had the right-of-way over Satoria’s bicycle — which the officer also classified as a vehicle.
The jury returned a verdict for the defendants, and the trial court entered judgment on that verdict. In their post-judgment motion for new trial, the plaintiffs’ allegations of error were directed solely to the trial court’s charge to the jury. The motion was denied, and this appeal followed.
On appeal, the plaintiffs address their argument to the alleged impropriety of the trial court’s charge to the jury; therefore, we set out the portions of the charge that place into context the plaintiffs’ allegations of error:
“The first claim for compensatory damages made by the plaintiffs is founded on negligence. The plaintiffs assert that the defendant, Fleming, was negligent in and about the operation of the motor vehicle ... and that as a direct and proximate consequence of that negligence they suffered injuries and damages- Negligence is nothing more and nothing less than the breach of a duty.... The duty of a driver of a motor vehicle upon a public highway is ... to exercise reasonable care to avoid inflicting injury or damages upon others that may be lawfully using the same public highway. Reasonable care means such care as a reasonably prudent person would exercise under the same or similar circumstances.
“[The trial court then instructed the jury on the doctrine of respondeat superior.]
“The driver of a vehicle upon a highway must keep a lookout for those who are also using the highway and must exercise due care to anticipate the presence of others upon the highway. A motor vehicle driver is chargeable with knowledge of what a prudent and diligent operator would have seen and is negligent if he fails to discover a traveler or a person whom he could have discovered in time to avoid the injury. A driver is also negligent if he sees a person located in a dangerous situation upon a highway and does not then exercise due care to avoid injury to that person. Every person has the right to assume that other persons will obey the law and she has the right to proceed on such an assumption until the contrary is clearly evident to her or, by the exercise of reasonable care, should have been clearly evident to her.
“It is the law [of] the State, as has been brought out by the evidence, every person riding a bicycle upon a highway shall be granted all the rights and [shall be] subject to all the duties applicable to the driver of [a] vehicle by the law, except as to special regulations under the law and except as to those provisions of the law which by their nature can have no application to a person riding a bicycle.
“The driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right-of-way to all vehicles approaching on the roadway to be entered or crossed.
[[Image here]]
“The first statute, the violation of which is prima facie evidence of negligence, regards driving on the right side of the roadway and that statute is: Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway except as follows: when an obstruction exists making it necessary to drive on the left of the center of the highway. That’s an exception to the rule. Provided any person doing so shall yield the right-of-way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such distance as to constitute an immediate hazard.
“The second statute, the violation of which would constitute prima facie evidence of negligence, pertains to the speed. No person shall drive a vehicle at a speed greater than is reasonable and prudent under the circumstances and having re *873 gard to the actual and potential hazards then existing. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, approaching a hillcrest, when traveling upon any narrow or winding roadway, and when special circumstances exist with respect to pedestrian or other traffic or [by] reason of weather or highway condition.
“You will note that that provides for a reasonable and prudent speed. The posted speed is prima facie lawful. The posted speed is presumed to be lawful, but the posted speed may not be lawful under all circumstances because even going at the posted speed may not be reasonable and prudent under all circumstances.
“[The trial court instructed the jury on the law of negligent entrustment.]
“Now, negligence on the part of or a violation of the law on the part of Satoria Jefferson would not bar recovery by another plaintiff, if the plaintiffs are otherwise entitled to recover. Negligence on the part of Teri Jefferson would not bar recovery by either plaintiff, if the plaintiffs are otherwise entitled to recover.
“(Outside the presence of the jury, the following occurred:)
“Anything from the plaintiff?
“MR. McKEE: Yes, sir, your Honor. We would again object to the jury charge with respect to a person riding a bicycle and the jury charge with respect to a driver crossing a road that shall yield a right-of-way and we also request a jury instruction of Plaintiffs #23, Alabama Pattern Jury Instruction 26.27, be given.
“THE COURT: What is it?
“MR. McKEE: That of the duty of a driver to a small child. 26.27, I hope I have the right number.
“THE COURT: Go ahead.
“MR. McKEE: I think we would also like the A.P.J.I. 30.07 be given, which is requested jury instruction 31.
“THE COURT: Okay, I will give that 26.27.[2] What was the other one?
“MR. McKEE: 30.07.
“THE COURT: No, I am not going to give that, that’s not an issue in the case. I charged negligence on the part of either plaintiff would not bar recovery. I did that.”
The plaintiffs begin their argument on appeal by stating that “[t]his is a case of jury charges proper in many cases, but totally improper in the instant case.” We agree.
The plaintiffs contend that the trial court erred in instructing the jury, over the plaintiffs’ objection, on the standard of care for operating a bicycle on a highway and the standard of care for operating a vehicle entering or crossing a roadway from a non-roadway. We note that, while the trial court correctly stated Alabama law in these areas, these adult standards of care do not apply to the actions of Satoria Jefferson — a seven-year-old child. See Howell v. Roueche, 263 Ala. 83, 81 So.2d 297 (1955); Watson v. Ingalls, 218 Ala. 537, 119 So. 667 (1929).
Further, an instruction dealing with any standard of care as to the conduct of Satoria Jefferson that allowed the jury to consider her conduct in relation to that of the defendants was improper here, because neither of the defendants raised or argued the affirmative defense of contributory negligence on the part of Satoria. Ford Motor Co. v. Phillips, 551 So.2d 992 (Ala.1989); Creel v. Brown, 508 So.2d 684 (Ala.1987).
The plaintiffs also claim that the trial court erred in refusing to charge the jury pursuant to Instruction 30.07, Alabama Pattern Jury Instructions: Civil (1994), and that this error and the previously noted erro *874 neous charge regarding a bicycler’s standard of care were not cured by the trial court’s oral instructions to the jury.
We first note that it is clear from the trial judge’s response to the plaintiffs’ lawyer’s objections to the jury charge as given that the judge believed he had covered the substance of AJP.J.I. 30.07 in his instruction that “negligence on the part of or a violation of the law on the part of Satoria Jefferson would not bar recoveiy by another plaintiff, if the plaintiffs are otherwise entitled to recover.”
A.P.J.I. 30.07 states:
“A child between the ages of 7 and 14 years is presumed to be wanting in that degree of care, judgment, discretion and sensitiveness to danger which belong to the average child who is 14 years of age, and therefore presumed to be incapable of committing contributory negligence.
“This presumption is rebuttable and if you are reasonably satisfied from the evidence that the plaintiff was between the ages of 7 and 14 years and did, at the time of the occasion complained of, possess that degree of care, judgment, discretion and sensitiveness to danger belonging to the average child 14 years of age, then you would consider and determine whether or not he (she) was guilty of contributory negligence.”
The jury charge given in this case did not reflect the law in Alabama regarding a child’s inability to detect, judge, and avoid danger, which inability results in a presumption that a child between 7 and 14 is incapable of contributory negligence, as set out in A.P.J.I. 30.07.
In Senn v. Craig, 474 So.2d 698 (Ala.1985), an appeal arising from facts similar to these in this case, the defendant driver did plead the affirmative defense of contributory negligence on the part of the 10-year-old child who had run into the street and into the path of the defendant’s motor vehicle. Appealing from a judgment on a jury verdict for the defendant driver, the plaintiff claimed that the trial court had “erred by instructing the jury on the rules of the road governing pedestrians without qualifying the rules with regard to the age of the plaintiff.” 474 So.2d at 699 (emphasis added).
In Senn, however, the trial court’s charge also contained the entire text of A.P.J.I. 30.07 and the following:
“ ‘[I]f you find from the evidence that the defendant was guilty of negligence on the occasion complained of and that the plaintiff was free of contributory negligence or was incapable of contributory negligence, then you must go further and assess damages for the plaintiff against the defendant.’ ”
474 So.2d at 700 (emphasis in Senn).
Affirming the judgment appealed from, the Senn Court noted that “each aspect of the charge was a correct statement of the law” and that the trial court “referred expressly to the presumption of incapacity of contributory negligence, to its rebuttability, and the effect thereof.” Id.
A comparison of AJP.J.I. 30.07, the trial court’s charge in Senn, and the charge given by the trial judge in this case reveals a crucial difference in their’ substance. A.P.J.I. 30.07 informs a jury that a child of Satoria Jefferson’s age is “presumed to be incapable of committing contributory negligence,” and, therefore, that her conduct can not bar her recovery. The trial court in Senn not only charged the jury with the entire text of A.P.J.I. 30.07, but went on to incorporate the “incapable of contributory negligence” language of AJP.J.I. 30.07 into another part of its charge.
Here, however, the charge given by the trial judge left with the jury the impression that Satoria’s conduct “would not bar recovery by another plaintiff” (Teri Jefferson), but that, by negative inference, Satoria’s conduct could bar recovery by Satoria herself. This is not the law in Alabama, as A.P.J.I. 30.07 clearly indicates. The judgment, therefore, is reversed and the cause is remanded.
REVERSED AND REMANDED.
MADDOX, KENNEDY, INGRAM, and BUTTS, JJ., concur.
*875 COOK, J., concurs in the result.
HOUSTON, J., dissents.

. Instruction 26.27, Alabama Pattern Jury Instructions: Civil (1992 Supp.), reads: “A driver of a motor vehicle, seeing a small child near a roadway, cannot presume that the child will not suddenly run onto the roadway. The movements of the child should be watched and all steps taken to avoid injury which a reasonably careful and prudent driver would take under [the] same or similar circumstances.”